140 So.2d 871 (1962)
John STADNIK, Walter Griffin, Eric E. Cox, F. Allan Canova, and J.L. Love, Jr., Constituting the Florida Board of Pharmacy, under Chapter 465, Florida Statutes, Appellants,
v.
SHELL'S CITY, INC., a Florida Corporation, Appellee.
No. 31496.
Supreme Court of Florida.
May 11, 1962.
*872 Richard W. Ervin, Atty. Gen., and Leonard R. Mellon, Asst. Atty. Gen., for appellants.
Milton M. Ferrell and J.M. Flowers, Miami, for appellee.
THORNAL, Justice.
By direct appeal we are requested to reverse a summary final decree wherein the chancellor passed directly upon the validity of Section 465.20, Florida Statutes, F.S.A.
Upon assuming jurisdiction we must consider the validity of a rule promulgated by the appellant Florida Board of Pharmacy.
On August 27, 1958, the appellant Florida Board of Pharmacy promulgated Rule 2, which reads:
"From and after September 15, 1958, no person licensed as a pharmacist under the authority of Chapter 465, Florida Statutes [F.S.A.], and no person who owns a retail drug establishment, as defined in Section 465.031, Florida Statutes [F.S.A.], shall advertise the name or price of tranquilizing drugs or antibiotics or other drugs which can be purchased and dispensed only by means of a prescription from a physician.
"Any person, firm or corporation violating this rule, if licensed as a pharmacist in the State of Florida, may be cited to show cause why his or her pharmacy license should not be suspended or revoked and the owner of any retail drug establishment will be cited to the State Board of Health to show cause why his license to operate such retail drug establishment should not be suspended or revoked by said Board."
The rule was prefaced by numerous recitals, briefly summarized as follows:
1. The public believes that "an imaginary Utopia or mental Shangri-la" can be *873 attained by the use of certain prescription drugs.
2. Public policy dictates that juvenile delinquency can be controlled by suppressing the dispensation of certain prescription drugs "without proper medical controls."
3. Advertising of prescription drugs creates an excessive public demand therefor.
4. Physicians should be free to prescribe or not to prescribe a drug.
5. The federal government prohibits the advertising of certain "exempt narcotic" prescriptions.
6. The Board of Pharmacy has the power to adopt rules regulating the advertisement of drugs comparable to the power of the Commissioner of Agriculture under Section 500.19, Florida Statutes, F.S.A.
Appellee Shell's City, Inc., filed its complaint in the Circuit Court of Dade County seeking a declaratory decree adjudicating the invalidity of the rule. It sought an injunction against its enforcement. The chancellor entered a summary final decree whereby certain provisions of Section 465.20, Florida Statutes, F.S.A., were held unconstitutional and the Pharmacy Board Rule 2 was held invalid. Reversal of this decree is now sought.
Numerous incidental points are made but the main thrust of appellants' contentions is that Rule 2, quoted above, is a valid exercise of the regulatory powers granted to the appellant Pharmacy Board by Chapter 465, Florida Statutes, F.S.A. The appellant will be referred to hereafter merely as the Board.
We must first dispose of the ruling on the validity of Section 465.20, supra. Our jurisdiction depends on this aspect of the final decree.
Section 465.20, supra, purports to regulate appeals by "Any person considering himself aggrieved by any rule, regulation, order or decision of the board of pharmacy * * *." The statute declares that an appeal be taken by filing a written petition in the circuit court of the county in which the affected operation is carried on "* * * within sixty days after the entry of the rule * * *." The chancellor was of the view that the Legislature undertook to regulate appeals from the entry of rules of the nature under consideration. He held that as applied to such rules, the statute is unconstitutional because it purports to restrict the right of an affected party to attack the validity of a quasi-legislative rule which has been entered without notice or hearing. The appellants concede the invalidity of the statute insofar as the instant type of rule is concerned if it be held to apply to such rules. Admittedly, the instant rule was promulgated pursuant to the provisions of Section 465.14, Florida Statutes, F.S.A. It appears clear that by Section 465.20, supra, the Legislature undertook to place a time limit on the right of an aggrieved party to attack the validity of such a rule. To the extent that the statute purports to be applicable to such rules we hold that the chancellor ruled correctly in finding the Act unconstitutional. We are not here concerned with a quasi-judicial order entered after notice and hearing. Rather, we have here involved a quasi-legislative enactment promulgated by the appellant Board claiming statutory support for its position. Jurisdiction having reached us by virtue of the ruling of the chancellor on the validity of the subject statute, we now proceed to dispose of the other questions raised.
Reference to the recitals which preceded Rule 2 will reveal that the Board undertook to support the rule with findings to the effect that the advertising of prescription drugs would tend to create excessive demands for such drugs. The Board felt that this demand would subject medical doctors to inordinately persuasive pressures to issue prescriptions contrary to the public interest. We shall comment on this proposition when we consider the *874 reasonableness of the rule. At this point it is sufficient to observe that legislative or quasi-legislative findings are not entitled to presumed correctness if they are mere recitations of conclusions or if they are patently contrary to obvious facts. Moore v. Thompson, Fla., 126 So.2d 543.
Appellants contend that the appellee Shell's City Inc., which was a retail drug establishment, had no standing to bring the instant suit because there was no factual showing of a threatened enforcement of the subject rule. A related point is made that the State Board of Health was an essential party because it is the agency designated by the Legislature to supervise retail drug establishments as distinguished from pharmacists.
On the matter of standing it appears to us that the rule itself is sufficiently self-executing in the impositions which it announces to justify a party adversely affected to seek relief against it. By its very terms the rule is prohibitive of otherwise valid action. It would be an unjustifiable burden to require an adversely affected party to await prosecution under such a rule before it could seek relief against the rule. In our view an issue of this nature is ripe for judicial consideration when the interests of an affected party are subject to substantial injury by the very fact of the existence of the rule. The promulgation of a rule of this type, by its very pronouncement by an agency of the government with apparent power to act, is sufficient to enable the party adversely affected to seek relief without awaiting actual prosecution or immediate threat thereof. Davis, Administrative Law Treatise, Vol. 3, Sections 21.09-21.10.
While the State Board of Health might well have been a proper party it was not an essential party to enable the court to dispose of the problem at hand. The rule itself provides that the owner of any retail drug establishment will be cited for its violation. Section 465.131, Florida Statutes, F.S.A., authorizes agents of the appellant Board to inspect retail drug establishments to ascertain whether any of its regulations are being violated. In effect, the appellant Board has promulgated a rule which adversely affects the appellee retail drug establishment. There would seem to be no reason to deny this assault on the validity of the rule merely because the State Board of Health is not a party.
It is also contended that venue for the current action should have been laid in Alachua County, the location of the headquarters of the Florida Board of Pharmacy. If the rule is enforced at all against the appellee it must necessarily be enforced at its place of business in Dade County. It is there that the invasion of the rights of the appellee would materialize. Under these circumstances we find no prohibition against the institution of the action in Dade County. Star Employment Service v. Florida Industrial Commission, Fla. 1960, 122 So.2d 174. Moreover, by Section 120.30, Florida Statutes, F.S.A., an affected party may obtain a judicial declaration on the validity of any rule of an administrative agency by bringing a declaratory judgment action in the circuit court of the county in which such party resides. While the last cited section of the Florida Administrative Procedure Act took effect July 1, 1961, and the current action was filed in May, 1961, this problem of venue has now, for all practical purposes, become moot. It would be a totally useless expenditure of time and money to require a refiling of the same suit, in the same county, to obtain the same result.
The validity of Rule 2 must be measured by the established tests. It must bear a reasonable relationship to public safety, health, morals and general welfare. Lee v. Delmar, Fla. 1953, 66 So.2d 252; State ex rel. Hathaway v. Smith, 160 Fla. 485, 35 So.2d 650. Florida Dry Cleaning, etc., Board v. Everglades Laundry, 137 Fla. 290, 188 So. 380; Gillett v. Florida University of Dermatology, 144 Fla. 236, 197 So. 852. The sole question here is whether *875 there is any reasonable relationship between the administrative Rule 2 and the public safety, health, morals and general welfare.
It should be recalled that the rule prohibits the advertisement of names and prices of prescription drugs only. It is in no sense analogous to the rule of the Federal Bureau of Narcotics which prohibits the advertisement of all exempt narcotics which can be purchased without a doctor's prescription. While the findings of the Board purport to consider the welfare of the medical doctors, in actuality, they seem to disregard completely the professional competency of the physicians in the matter of prescribing drugs for their patients. The rule proceeds on the notion that the advertisement of a prescription drug will subject the physicians to some sort of irresistible pressures that will force them to prescribe drugs for their patients simply on the basis of patient demand and without regard to the physical well-being of the patient. This concept disregards completely the professional and ethical integrity of the medical profession in prescribing remedies for patients. Furthermore, it actually suggests the probability of unethical conduct. In actuality, the rule has more resemblance to an economic regulation prohibiting price competition in the prescription drug business than it does to a regulation guarding the public health. An exhaustive and most helpful discussion of the problems which might very well arise appears in Comment, "Prescription Drug Pricing in California: An Analysis of Statutory Causes and Effects," 49 Calif.L.Rev. 340 (1961.) The effect of the rule simply is that the druggist cannot advertise the price of a prescription drug even though he is prohibited by law from selling the drug except upon the prescription of a physician. There is simply no reasonable justification for such an administrative intrusion on private rights when the regulation is so completely lacking in public benefit. We, therefore, hold that the chancellor ruled correctly in finding Rule 2 of the appellant Board invalid.
In one of the recitals of the Rule, the appellant Board claims the power to regulate advertising as being comparable to the powers of the Commissioner of Agriculture under Section 500.19, Florida Statutes, F.S.A. Actually, the rule is preceded by a definition of "advertisement" contained in Section 500.03, Florida Statutes, F.S.A. Reference to Chapter 500, Florida Statutes, F.S.A., so far as the advertisement of foods and drugs is concerned, will reveal that it is leveled against false and misleading advertising only. It does not relate to the rendition of professional services. Section 500.04, Florida Statutes, F.S.A. Moreover, appellants' claimed analogous authority to that heretofore enjoyed by the Commissioner of Agriculture no longer has any foundation in Chapter 500, supra. By Section 500.201, which took effect January 15, 1961, it is provided that "The authority to promulgate regulations for the efficient enforcement of this chapter as it relates to drugs, devices and cosmetics, is vested in the state board of health." Although we do not here conclude the point, it would appear from the cited statute that regulations relating to the advertisement of drugs are now within the province of the State Board of Health, rather than the appellant. Finding as we do that the decree of the chancellor was without error, it is affirmed.
It is so ordered.
ROBERTS, C.J., THOMAS, and O'CONNELL, JJ., and MASON, Circuit Judge, concur.