THORNAL, Justice.
By petition for certiorari, we have for review a decision of a district court of appeal which allegedly conflicts with a prior decision of this Court on the same point of law. Fla.Const. Art. V, § 4(2), F.S.A.; Florida State Board of Dispensing Opticians v. Bayne, 204 So.2d 34 (2d Dist.Ct.App.Fla.1967).
We must decide whether the petitioners have standing to maintain a declaratory judgment proceeding.
For 36 years Maurice Hoffman has been a practicing optometrist and for 30 years John O. Bayne has been an optician. They entered into an agreement with Burdine’s. They agreed that if they could secure the lawful right to do so they would lease space, employ licensed opticians and operate an optical department in Burdine’s Miami store for one year. Bayne and Hoffman practiced in Detroit, Michigan. Neither had secured a license to practice in Florida. Hoffman testified that they intended to hire licensed personnel in their Burdine’s dispensary.
When the complaint was filed on September 12, 1966, Fla.Ad.Code, § 245-1.03 provided in part:
“A dispensing optician shall not do optical dispensing in any establishment where the annual gross sale of other than optical merchandise or hearing aids is more than 25%.”
*763 Burdine’s annual gross sales of other than optical merchandise or hearing aids would far exceed 25% of its gross business.
Petitioners filed a complaint seeking a declaratory judgment that would nullify the quoted rule as being unconstitutional. The chancellor granted the requested relief. On appeal, the District Court of Appeal, Second District, reversed. It held that the petitioners had no standing to maintain the declaratory judgment action. The appeals court did not reach the merits. Florida State Board of Dispensing Opticians v. Bayne, supra.
By its decision under review, the District Court announced the general rule that in order to support a declaratory judgment action the complaining party “must demonstrate that it [had] a judicially cognizable, bona fide, and direct interest in the result sought by the action”. It then proceeded to conclude that these petitioners, who demonstrated a direct, specific business interest that was adversely affected by the subject rule, nevertheless, lacked standing to bring the action. The District Court apparently completely overlooked our decision in Stad-nik v. Shell’s City, Inc., 140 So.2d 871 (Fla.1962). We there held that an administrative rule of the type here present is sufficiently self-executing in the impositions which it announces to justify a party adversely affected to seek relief against it. We further held, that “by Section 120.30, Florida Statutes, F.S.A., an affected party may obtain a judicial declaration on the validity of any rule of an administrative agency by bringing a declaratory judgment action in the circuit court of the county in which such party resides.” The same section alternatively permits the action to be brought in the county “in which the executive offices of the agency are maintained”. The instant action was brought in Tampa where the respondent Board maintains its executive offices. We find that there is jurisdictional conflict between the decision now brought here and our prior decision in Stadnik, supra.
The District Court appeared to place considerable stress on the fact that the petitioners are non-residents who are not licensed opticians in Florida. We think this is immaterial if they are otherwise “affected” by the rule.
When a rule of an administrative agency is the subject of attack, Fla.Stat. Ch. 86, formerly Ch. 87, F.S.A., should be applied in the light of the broad authorizations of Fla.Stat. § 120.30, F.S.A., supra. The Legislature has provided a simple, direct and expeditious judicial proceeding by which to test the validity of administrative rules. It is not even necessary that a party be adversely affected. The statute plainly announces that “any affected party may obtain a judicial declaration as to the validity, meaning or application of any rule by bringing an action for a declaratory judgment * * *.” (Emphasis added).
Statutes of the type under consideration are remedial and should be liberally construed. The privileges of the statutes should not be abused by unjustifiable efforts to obtain private advisory opinions or to substitute this useful statutory proceeding for other more appropriate processes. The trial judge has adequate judicial discretion to control or prevent any attempted abuses. May v. Holley, 59 So.2d 636 (Fla.1952). Within the limits of the statutes here, the petitioners were certainly sufficiently affected by the subject rule to enable them to maintain the action. Though non-residents, they sought to engage in an otherwise legitimate business venture in Florida. The rule blocked their undertaking. They were, therefore, justified in seeking judicial relief.
We note in passing that the subject rule was amended on March 10, 1968. Fla. Ad.Code, § 245-1.03, Supp. #50.
The decision of the District Court is quashed and the cause is remanded to that *764 Court for further proceedings consistent herewith.
It is so ordered.
CALDWELL, C. J., and DREW, ERVIN and ADAMS, JJ., concur.