219 So.2d 681 (1969)
FLORIDA BOARD OF PHARMACY, Appellant,
v.
WEBB'S CITY, INC., a Florida Corporation, Appellee.
No. 37230.
Supreme Court of Florida.
February 26, 1969.
James G. Mahorner, of White, Phipps, Linn, Furnell & Mahorner, Clearwater, for appellant.
Thomas V. Kiernan, of Kiernan & Reams, St. Petersburg, for appellee.
PER CURIAM.
We here review on direct appeal a decision of the trial court holding invalid Section 1(2) (f) of Chapter 67-521, Laws of Florida, which purported to amend Section 465.23, Florida Statutes, F.S.A., and expressly prohibiting retail drug establishments from using any communication media to promote or advertise the use or sale of "any drugs which require a prescription".
Chapter 67-521, Laws of Florida, omitting the formal parts, provides:-
"Section 1. Section 465.23, Florida Statutes, is amended to read:
"465.23 Promoting sale of certain drugs prohibited. 
"(1) It is declared that the unrestricted use of certain narcotics, central nervous system stimulants, tranquilizers, barbiturates and other hypnotic and somnifacient drugs and any drugs which require a prescription, causing abnormal reactions that may interfere with the user's physical reflexes and judgments may create hazardous circumstances which may cause accidents to the user and to others, thereby affecting the public health, safety and welfare. It is further declared to be in the public interest to limit the means of promoting the sale and use of these drugs. All provisions of this section shall be liberally construed to carry out these objectives and purposes.
"(2) No pharmacist, owner or employee of a retail drug establishment shall use any communication media to promote or advertise the use or sale of any of the following:
"(a) Narcotics;
"(b) Central nervous system stimulants;
"(c) Tranquilizers;
"(d) Barbiturates;
"(e) Other hypnotic and somnifacient drugs;
"(f) Any drugs which require a prescription. (Emphasis added.)
"Section 2. This act shall take effect July 1, 1967."
Only Section 1(2) (f) of the Act was involved in the final judgment of the trial court.
*682 The case sub judice is controlled by the decision of this court in Stadnik v. Shell's City, Inc., 140 So.2d 871, and the decision here under review is therefore
Affirmed.
ROBERTS, DREW, THORNAL and CALDWELL (Retired), JJ., and WALKER and TAYLOR, Circuit Judges, concur.
ERVIN, C.J., concurs in part and dissents in part with opinion.
ERVIN, Justice (concurring in part and dissenting in part):
Subsection (2) (f) of Section 465.23, Florida Statutes, F.S.A., as amended by Chapter 67-521, reading, "Any drugs which require a prescription," is subject to the rule ejusdem generis since it must be read in connection with all the language of the section.
The section's object is not to regulate the advertising and promotion of all drugs requiring a prescription, but only those which have narcotic or abnormal stimulating effects as described in the first portion of the section.
Therefore, it follows subsection (2) (f) refers to any prescription drugs of the same class or classes of drugs referred to in the preceding subsections (2) (a), (b), (c), (d) and (e) of the section. None of the drugs or items by their names or descriptions as provided in subsections (2) (a), (b), (c), (d) and (e), nor any of the same that require a prescription to be sold may be advertised for sale contrary to Section 465.23, Florida Statutes, F.S.A.
In Stadnik v. Shell's City, Inc. (Fla.), 140 So.2d 871, the prior regulation held invalid sought to prohibit the advertisement of the names or prices of all prescription drugs. The regulation there was not confined to drugs of the narcotic and stimulant types here considered. There, the object was an attempt to prohibit price competition in all prescription drug business. Here, the object is to curtail sales promotion of drugs susceptible of narcotic or stimulating effects whether prescribed or not. So considered, the instant statute appears to have a reasonable relation to public safety, health, morals and general welfare.