OWEN, Judge.
In this suit for declaratory judgment and injuctive relief, the trial court granted summary judgment in favor of the plaintiff, enjoining the Florida Citrus Commission from enforcing its regulations requiring that composition type containers used for retail packs of frozen concentrated citrus juice have an “easy open” feature, on the grounds that the same were unconstitutional.
We affirm the judgment. The affidavits upon which the appellant relied in the trial court establish without contradiction that the purpose of the regulation was to improve the quality of containers used in the citrus industry, thereby selling more citrus juice and thus protecting and promoting the general economic welfare of the Florida citrus industry.
The regulation, to be valid, must bear some reasonable relationship to protection of public safety, health, morals, and general welfare. Stadnik v. Shell’s City, Inc., Fla.1962, 140 So.2d 871. Although the power of the state to make regulations for the protection of its citrus industry under its police power has been sustained many times, the exercise of the police power in this particular field cannot be properly exercised beyond such reasonable interference with the liberty of action of individuals as is reasonably necessary to preserve and protect the public health and welfare. Florida Citrus Commission v. Golden Gift, Inc., Fla. 1956, 91 So.2d 657.
The commission’s determination that requiring the composite type can to have the easy open feature would benefit the citrus industry by increased sale of citrus juices, is simply a determination by such administrative agency that using such type containers would result in economic benefits to the industry. This alone is not a valid basis upon which such regulation can be justified. Cf. Abdo v. City of Daytona Beach, Fla.App.1962, 147 So.2d 598. If this type of container will result in increased sales, the free enterprise system will appropriately adjust to the voluntary use of this type of container without the necessity of mandatory regulations.
Affirmed.
McCAIN and REED, JJ„ concur.