293 So.2d 128 (1974)
D & W OIL COMPANY, INC., an Alabama Corporation Duly Authorized to Transact Business in the State of Florida, Appellant,
v.
Honorable Thomas D. O'MALLEY, As State Insurance Commissioner and Treasurer and As State Fire Marshal of the State of Florida, Appellee.
No. T-125.
District Court of Appeal of Florida, First District.
March 12, 1974.
Rehearing Denied May 7, 1974.
*129 Roy T. Rhodes and Albert H. Stephens of Rhodes, Stephens, Bryant & Durrance, Tallahassee, for appellant.
O.L. Evans, Jr., Tallahassee, for appellee.
James L. Padgett, Orlando, of Davis, Asbury & Padgett, Joseph C. Jacobs of Ervin, Varn, Jacobs & Odom, Tallahassee, and William E. Sherman of Landis, Graham, Frency, Hussfeld, Sherman & Ford, Daytona Beach, as amicus curiae.
SPECTOR, Judge.
Appellant seeks reversal of a final judgment in a suit for declaratory judgment seeking a determination of the validity of an administrative rule promulgated and adopted by appellee as State Fire Marshall.
D & W Oil Company is a petroleum dealer. It operates a chain of gasoline stations in Florida and in several adjoining states. The stations in the other states are described as "self-service" gasoline stations where customers serve themselves. Such stations are operated in conjunction with and on the premises of so-called "convenience food stores". Gasoline customers make payment to the cashier inside the food store where the details of the gasoline sale are electronically controlled and recorded.
In fulfillment of his duty under Sections 633.05 and 633.051, Florida Statutes, F.S.A., appellee has adopted a regulation, Rule 4A-16.64, Florida Administrative Code. Subsections (5) and (6) read as follows:
"(5) Delivery nozzle. The dispensing of Class I flammable liquids into the fuel tank of a vehicle or into a container shall not be performed by any person other than the proprietor of the dispensing equipment or his authorized employee.
(a) Manual nozzles. The use of any device which permits the dispensing of Class I flammable liquids when the hand of the operator of the discharge nozzle is removed from the nozzle control lever is hereby forbidden except when using an automatic nozzle as provided in paragraph (b) of this subsection.
(b) Automatic nozzles. An approved type automatic nozzle may be used for dispensing Class I liquid into the fuel tank of a vehicle or into an approved container. Such a nozzle may have a latch-open device but when such a device is provided it shall be as an integral part of the nozzle assembly. When an automatic nozzle is used it shall shut off the liquid reliably and positively when the gasoline tank is filled, when it falls from the filling neck of an automobile tank, when it is subject to rough usage such as *130 dropping or lack of proper lubrication or when an automobile is driven away while the nozzle is still in the tank. A competent attendant shall be in the immediate vicinity of the vehicle or container being filled by such an approved nozzle. This provision does not apply to dispensing equipment which is not open to the public.
"(6) Dispensing equipment. Dispensing equipment shall not be operated by any person other than the proprietor of the dispensing equipment or his authorized employee. This provision does not apply to dispensing equipment which is not open to the public."
In its complaint, appellant alleged that it was affected by subsections (5) and (6) of the subject rule inasmuch as it was desirous of and had contracted to operate a chain of self-service gasoline stations in conjunction with a chain of retail "convenience food stores" but was prohibited from doing so by operation of the regulation. Appellant alleged the regulation was invalid because appellee had allegedly failed to follow the statutory criteria and standards provided by the legislature for the guidance of appellee in the promulgation thereof as found in Sections 633.05 and 633.051, Florida Statutes, F.S.A. Secondly, the complaint alleged that the regulation was violative of the state and federal constitutions in that it constitutes and unreasonable exercise of the police power and unreasonably restricts appellant's rights to engage in a lawful business. Article I, Sections 2 and 9, Florida Constitution, F.S.A., and Fifth and Fourteenth Amendments, United States Constitution.
Following the taking of extensive testimony, the trial court declined to rule on the validity of the regulation as prayed for in the complaint, stating, inter alia:
"However, this case only presents the question of whether or not the operation contemplated by D & W and Shop and Go is so free of danger to public health and safety as to render their prevention by the rules against self-service operation an invalid exercise of power."
It is apparent from a reading of the entire final judgment that the trial court confined its ruling to questions other than the validity, vel non, of the regulation adopted by the appellee. Appellee contends that the court was correct in refusing to declare whether the regulation was valid inasmuch as the evidence proved that appellant had failed to meet the standards it agreed were applicable; and, therefore, the court was precluded from passing upon the constitutionality or validity of the regulation as held in City of Cape Canaveral v. Chesnick, 227 So.2d 502 (Fla.App. 1969).
In Chesnick, the court held that the constitutionality of a municipal ordinance could not be challenged by a party not shown to be affected thereby. The court there stated at page 504:
"The constitutionality of the ordinance should not have been decided by the trial court. Only persons who can demonstrate that they are or will be affected by a legislative act have proper standing to raise the question of the constitutionality of such legislation. In the instant case, the appellees initially had such apparent standing on the basis of their pleading. Nonetheless, when the trial court made a factual finding that the installation for which appellees had applied did not come within the definition of a service station as the same was defined in the zoning ordinance, it then became established that appellees did not, in fact, have sufficient legal standing to question the constitutionality of that portion of the zoning ordinance restricting the spacing of service stations... ."
In so ruling, the Chesnick court relied on a long line of cases, such as Henderson v. Antonacci, 62 So.2d 5 (Fla. 1952), to support its limiting interpretation of the proper scope of Chapter 87, Florida Statutes, F.S.A., known as the Declaratory Judgment Act.
*131 While appellant has no quarrel with Chesnick and like cases, it insists that the standing question is not so limited in cases for declaratory judgment as to the validity of administrative rules and regulations brought under the authority of Section 120.30, F.S.A. of the Administrative Procedure Act as is the case in orthodox declaratory judgment actions brought under Chapter 87, Florida Statutes, F.S.A. We must agree with appellant's argument. Rather than the more limited standing policy reflected in Chesnick and like cases, we think the standing under Section 120.30, Florida Statutes, F.S.A., to seek a declaration as to the validity of administrative rules and regulations is broader than in declaratory actions brought solely under Chapter 87, Florida Statutes.
In Bayne v. Florida State Board of Dispensing Opticians, 212 So.2d 762 (Fla. 1968), the court in an opinion authored by Justice Thornal reversed the appellate court's application of the general rule as to declaratory judgments in an action as to the validity of an administrative rule and held that the standing question was not so limited where rules and regulations of administrative agencies were involved. The Supreme Court held at page 763:
"When a rule of an administrative agency is the subject of attack, Fla. Stat. Ch. 86, formerly Ch. 87, F.S.A., should be applied in the light of the broad authorizations of Fla. Stat. § 120.30, F.S.A., supra. The Legislature has provided a simple, direct and expeditious judicial proceeding by which to test the validity of administrative rules. It is not even necessary that a party be adversely affected. The statute plainly announces that `any affected party may obtain a judicial declaration as to the validity, meaning or application of any rule by bringing an action for a declaratory judgment * * *.' (Emphasis added)."
While the trial court considered extensive and supportive evidence in determining that the appellant failed to meet even that standard of safety that it claimed appellee should have used as the basis for his regulation, the court failed to rule directly upon the validity of the regulation. Under the controlling precedent of Bayne, supra, appellant was entitled to a direct ruling, vel non, on the validity of the regulation in question.
Accordingly, we reverse and remand for the entry of an order as to the validity of the regulation.
WIGGINTON, JOHN T., and CREWS, JOHN J., Associate Judges, concur.