## ECKERD OPTICAL CENTERS, Inc. v. FLORIDA STATE BOARD OF DISPENSING OPTICIANS.

No. 75-368.

Circuit Court, Leon County.

January 12, 1976.

Norman Stallings, Tampa, for the plaintiff.

Robert L. Shevin, AttorneyGeneral, Tallahassee.

Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, for the Florida Association of Dispensing Opticians.

John E. Thrasher, Tallahassee, for the Florida State Board of Optometry.

Andrews, Smathers, Tepper & Kemp, Orlando, for the Florida Optometric Association.

DONALD O. HARTWELL, Circuit Judge.

*Final judgment:* Plaintiff seeks a declaration that §484.06, Florida Statutes, and Rule 21P-3.07(a) of the Florida State Board of Dispensing Opticians to the extent they prohibit advertising the price of eye glasses and offering of reasonable discounts from said prices are unconstitutional. The questioned statute and rule provide as follows —

484.06 *Optical dispensing; unlawful acts.* — It shall be unlawful for any person, partnership or corporation to offer any gift or premium or discount in any form or manner in conjunction with the practice of optical dispensing, or to advertise either directly or indirectly by any means whatsoever any definite or indefinite price or credit terms on prescriptive or corrective lenses, frames, complete prescriptive or corrective glasses or any optical dispensing service; to advertise in any manner that would tend to mislead or deceive the public; to solicit patronage by advertising that he or some other person or group of persons possess better qualifications or are best trained to perform the service or to render any service connected with optical dispensing. This section is passed in the interest of public safety, health and welfare and its provisions shall be liberally construed to carry out its objectives and purposes.

21P-3.07 *Price and deceptive advertising prohibited.* — Any licensed dispensing optician, or any dispensing optician working for or with any firm, corporation, partnership, lay body, organization, person or persons, shall not advertise the price of any product used or dispensed in the trade or occupation of optical dispensing. Nor shall he associate himself directly, or indirectly, with anyone doing such advertising. Said dispensing optician shall not advertise in any manner, which in the opinion of the Florida State Board of Dispensing Opticians would tend to mislead the public or lower the trade or occupational standards of licensed dispensing opticians.

Invalidity is asserted upon two grounds — (1) That the statute and rule represent an invalid exercise of the police power under

the constitution of the state of Florida. (2) That the statute and rule violate rights protected by the First Amendment to the constitution of the United States of America.

There can be no question that some of the activities of one engaged in the pursuits of a dispensing optician concern matters which are the proper subject of regulation under the police power. Recognition of this fact is not, however, dispositive of the problem presented.

While the scope of the police power is broad in nature, it is not without its limitations. In order for a statute or rule enacted or adopted on the basis of the police power to be valid, it is necessary that it bear a reasonable relationship to the public safety, health, morals and general welfare. (See Stadnik v. Shell's City, Inc. 140 So. 2d 871 and Larson v. Lesser, 106 So. 2d 188).

The legislature in enacting §484.06 provided that such section was enacted in the interest of the public safety, health and welfare. Legislative findings are entitled to great weight, however, mere "conclusions" cannot be accepted as "findings" nor can the scope of the police power be measured solely by legislative declarations.

Courts should be ever hesitant to substitute their judgment for that of the legislature, a co-equal branch of government. While courts should always be reluctant to declare acts of the legislature invalid, yet it remains the duty of the courts to protect rights of litigants and to determine that the police power is exercised within constitutional boundaries.

Applying the observed principles and based upon the evidence received upon the issues formulated, this court cannot discern any reasonable relationship between the portions of the statute and rule claimed to be offensive and the proper exercise of the police power.

The evidence failed to demonstrate any benefit resulting to the general public from a limitation upon advertising of price or the granting of discounts by dispensing opticians. On the contrary, a substantial inference arises that such limitations are in fact detrimental to the general public interest in that prices are increased thereby.

The evidence before this court being clear that there exists no reasonable relationship between the limitations imposed by the statute and rule insofar as they prohibit price and discount advertising and the general welfare, we have no alternative but to declare as we now do that such limitations are unconstitutional.

Finding that the involved portions of the statute and rule are unconstitutional as an invalid exercise of the police power, it becomes unnecessary for this court to consider or determine whether such limitations also constitute a denial of protected rights under the First Amendment to the constitution of the United States.