PER CURIAM.
The instant action was begun in the trial court to enjoin The Society for the Welfare of Animals, Inc., a non-profit corporation, from advertising what was alleged to be services of veterinary medicine. Upon final hearing, the trial judge entered an order which reads, in part, as follows:
* * * * * *
“It is hereby ORDERED, ADJUDGED and DECREED that the defendant, his employees, servants, agents, and members be, and they are hereby, perpetually enjoined and restrained from all objectionable advertising, including but not limited to, advertising on television, radio, and newspapers in violation of F.S. 474 and Rules implemented thereunder as applied to the practice of Veterinary medicine. It is the purpose and intent of this Order to restrain and limit all advertising by the defendant to that which may ethically be done by a Veterinarian duly licensed to practice in the State of Florida. The defendant is specifically restrained from the advertising of fees charged for services or the advertising of so called Tow cost’ fees for services.”

The Society appeals and urges error in that they are not a corporation subject to the provisions of Ch. 474 and, further, it was error for the trial court to prohibit the advertising as same constituted an infringement on its constitutional right of freedom of speech, citing Stadnik v. Shell’s City, Inc., 140 So.2d 871 (Fla.1962); Florida Board of Pharmacy v. Webb’s City, Inc., 219 So.2d 681 (Fla.1969); Virginia State Board of Pharmacy v. Virginia Citizens Consumer Council, 425 U.S. 748, 96 S.Ct. 1817, 48 L.Ed.2d 346 (1976). We disagree, and affirm.
Pursuant to § 474.031(ll)(c), Florida Statutes (1975), the services performed by the doctors of veterinary medicine employed by the Society were, in fact, the practice of veterinary medicine by the spaying ánd neutering of animals. It is conceded that a licensed doctor of veterinary medicine could not so advertise and, therefore, a corporation [even though non-profit] which employs a licensed doctor of veterinary medicine should not be permitted to advertise veterinary medical services. We find a distinction in the prohibition against advertisements of professional services, as contrasted with the advertisement of the cost of prescription drugs, the sale of which is of products prepared by others in most instances. Therefore, we find the Florida cases and *936 the Virginia case cited by the appellant to be distinguishable.
Therefore, for the reasons above stated, the limited injunction imposed by the trial judge be and the same is hereby affirmed.
Affirmed.