441 So.2d 663 (1983)
Dennis Russell ROTHERMEL, Appellant,
v.
FLORIDA PAROLE AND PROBATION COMMISSION, Appellee.
No. AR-333.
District Court of Appeal of Florida, First District.
October 14, 1983.
Rehearing Denied December 28, 1983.
John Charles Coleman, Fort Myers, for appellant.
Doris E. Jenkins, Asst. Gen. Counsel, Tallahassee, Florida Parole and Probation Com'n for appellee.
Richard A. Belz, Executive Director, Florida Institutional Legal Services, Inc., Gainesville, amicus curiae.
*664 Patricia Gleason, Asst. Atty. Gen., for Florida Administration Com'n, amicus curiae.

ON MOTION TO DISMISS
NIMMONS, Judge.
On March 7, 1983, Rothermel filed a notice of appeal pursuant to Section 120.68, Florida Statutes (1981), seeking review of an order of the Parole and Probation Commission (the Commission) rendered on February 2, 1983, in which the Commission denied Rothermel's request to change his presumptive parole release date (PPRD).
The Commission filed a motion to dismiss the appeal and asserts two grounds in support thereof: (1) that an order entered February 8, 1983, by the Florida Administration Commission pursuant to Section 120.63, Florida Statutes (1981), purporting to exempt from Section 120.68 review prisoner appeals from Commission actions relating to presumptive parole release dates entitles the Commission to dismissal of Section 120.68 appeals filed after February 8, 1983; and (2) that Chapter 83-78, Laws of Florida,[1] purporting to amend Chapter 120 by precluding Section 120.68 appellate review[2] of, among other things, Commission actions concerning PPRD's should be applied retrospectively so as to entitle the Commission to dismissal of appeals pending on June 6, 1983, the effective date of the act. Since we determine that the Commission is entitled to dismissal under ground number 2, we do not reach the question presented in ground number 1.
It is true that Florida follows the general rule that in the absence of a clear legislative expression to the contrary, a law is presumed to apply prospectively, State v. Lavazzoli, 434 So.2d 321 (Fla. 1983); Seddon v. Harpster, 403 So.2d 409 (Fla. 1981); Walker & LaBerge, Inc. v. Halligan, 344 So.2d 239 (Fla. 1977), and that Chapter 83-78 is silent concerning the prospective or retrospective operation of its provisions precluding Section 120.68 review. However, statutes which do not alter contractual or vested rights but relate only to remedies or procedure are not within the general rule against retrospective operation and, absent a saving clause, all pending proceedings are affected. 73 Am.Jur.2d Statutes § 354; 16A Am.Jur.2d Constitutional Law § 675. It has been stated:
Under the common law, if a statute is unconditionally repealed without a saving clause in favor of pending suits, all pending proceedings thereunder are terminated. This is true of the repeal of a law relating to procedure, or of a law conferring jurisdiction, in which case the right to proceed further in an action that is pending but undetermined at the time of the repeal is taken away.
73 Am.Jur.2d Statutes § 389. See also Turner v. United States, 410 F.2d 837, 842 (5th Cir.1969); United States v. Vanella, 619 F.2d 384 (5th Cir.1980); and United States v. Blue Sea Line, 553 F.2d 445 (5th Cir.1977).
Since no clear intent is expressed in the subject legislation, its provisions will apply retrospectively if they are remedial or procedural and do not affect substantive or vested rights. There can be little doubt that the relevant portions of Chapter 83-78 are of the kind which affect only remedial or procedural statutory provisions. It is generally recognized that no vested rights exist as to a particular remedy or mode of procedure. 16A Am.Jur.2d Constitutional Law § 672; Sullivan v. Mayo, 121 So.2d 424 (Fla. 1960); Turner v. United States, supra.
*665 Although we have found no Florida case squarely on point with respect to the applicability of the principles of law enunciated above to cases pending on appeal, it appears that the prevailing rule is that cases pending on appeal and not yet determined are affected by legislative acts which pertain only to remedy or procedure. See 4 Am.Jur.2d Appeal and Error § 8. In Turner v. United States, supra, the court observed:
Granting that, in the absence of an expressed legislative intent, statutes affecting antecedent rights are ordinarily addressed to the future and to be given prospective effect only, that canon of construction must yield to the rule here controlling that changes in statute law relating only to procedure or remedy are usually held immediately applicable to pending cases, including those on appeal from a lower court. (e.s.)
410 F.2d at 842. Similarly, it has been recognized that:
[A] party can acquire no vested right to an appeal or other proceeding for review; it is a mere matter of further or additional remedy, which may accordingly be taken away by statute or constitutional amendment. Where a right of appeal is given by the state constitution it cannot be taken away by the legislature.
16 C.J.S. Constitutional Law § 272(b). Accord City of Hutchinson v. Wagoner, 163 Kan. 735, 186 P.2d 243, 247 (1947); Ex Parte Tsimpides, 272 Ala. 430, 131 So.2d 873 (1961); Marlas v. Virekeos, 14 Ill. App.2d 1, 142 N.E.2d 808 (1957).
Although there is a constitutional right to appeal "as a matter of right, from final judgments or orders of trial courts" in Florida, Article V, Section 4(b)(1), Florida Constitution, the right to appeal from administrative action is as "prescribed by general law." Article V, Section 4(b)(2), supra, footnote 2. That right cannot rise to the level of a vested right if the legislature may alter it as was done in this case. The general rule should, therefore, apply:
When the right of appeal is cut off, a pending appeal dies, just as when a statutory cause of action is cut off by repeal without saving clause a pending action upon it dies... . The appellants no longer have a standing in court.
United States v. Hammond, 99 F.2d 557, 558 (5th Cir.1938). Accord Hartmann v. Sloan, 99 F.2d 942 (3d Cir.1938); Texas Farm Bureau Cotton Ass'n v. Lennox, 296 S.W. 325 (Tex.Civ.App. 1927); In re Wells' Estate, 187 Or. 462, 212 P.2d 729 (1949); State v. Vachon, 140 Conn. 478, 101 A.2d 509 (1953) (appeal from administrative agency action).
Were the effect of our decision to leave aggrieved prisoners without remedy concerning the setting of PPRD's by the Commission, we would not regard the above principles to be applicable. But such is not the case. E.g. Roberson v. Florida Parole and Probation Commission, 444 So.2d 917 (Fla. 1983); Moore v. Florida Parole and Probation Commission, 289 So.2d 719 (Fla. 1974); James v. Florida Parole and Probation Commission, 395 So.2d 197 (Fla. 1st DCA 1981); Harrison v. Florida Parole & Probation Commission, 428 So.2d 388 (Fla. 4th DCA 1983); Lowe v. Florida Parole and Probation Commission, 416 So.2d 470 (Fla. 2nd DCA 1982); Pannier v. Wainwright, 423 So.2d 533 (Fla. 5th DCA 1982).
Finally, we address the recent decision of the Florida Supreme Court in Roberson v. Florida Parole and Probation Commission, supra. There, the Court approved this Court's decision in Daniels v. Florida Parole & Probation Commission, 401 So.2d 1351 (Fla. 1st DCA 1981), holding that under pre-Chapter 83-78 law, Section 120.68 appellate review was available to prisoners with respect to PPRD determinations by the Commission. The Supreme Court did not address nor, as the Commission's counsel informed this Court at oral argument, was the point raised in Roberson as to the effect of Chapter 83-78 on the pendency of Roberson's petition for review in the Supreme Court under the principles of law upon which we rely in the instant case.[3] Of *666 course, Roberson was in a different posture along the path of finality than was Rothermel when Chapter 83-78 became law. Although we, of course, have no occasion to decide the point, it may well be that the principles upon which we rely in the instant case would not be applicable to a case such as Roberson where the prisoner's appeal had already been finally determined by a district court of appeal and where the only thing pending is a Supreme Court proceeding on a petition for review.[4]
In any event, the principles of law which we find to be controlling in this case were not addressed by the Supreme Court in Roberson, and it would be improper for us to reach a result contrary to our opinion herein upon the speculation that, for some reason, the Supreme Court would, when squarely presented with the issue, decline to follow such principles.
This Section 120.68 appeal no longer being authorized by law, the Commission's motion to dismiss is granted, and the appeal is DISMISSED.
Pursuant to Fla.R.App.P. 9.030(a)(2)(A)(v), we certify to the Florida Supreme Court the following question as one of great public importance:
Did the enactment of Chapter 83-78, Laws of Florida, terminate Section 120.68 appeals by prisoners from Florida Parole and Probation Commission final action pertaining to presumptive parole release dates where such appeals had not been determined on the effective date of that legislative act?
ERVIN, C.J., and WENTWORTH, J., concur.
NOTES
[1] Chapter 83-78, Section 1, Laws of Florida, amends Section 120.52(10), Florida Statutes (1982 Supp.), by providing in pertinent part:

"Prisoners as defined in s. 944.02(5) may obtain or participate in proceedings under s. 120.54(3),(4), (5), or (9), or s. 120.56 and may be parties under s. 120.68 to seek judicial review of those proceedings. Prisoners shall not be considered parties in any other proceedings and may not seek judicial review under s. 120.68 of any other agency action." (e.s.)
[2] Article V, Section 4(b)(2), Florida Constitution, provides:

"District courts of appeal shall have the power of direct review of administrative action, as prescribed by general law." (e.s.)
[3] The only mention made of Chapter 83-78 in the Supreme Court's opinion in Roberson was in a footnote in which the court rejected Chief Justice Alderman's suggestion in dissent that Chapter 83-78 should be regarded as a clarification of legislative intent that section 120.68 review was not available to prisoners seeking review from agency action of the kind sub judice.
[4] Am.Jur.2d Appeal and Error, Section 8:

"[T]he repeal of a statute conferring appellate jurisdiction on a court does not vacate or annul any judgment already rendered by that court." (e.s.)