606 So.2d 1215 (1992)
Archie V. McGHEE and Evelyn McGhee, Appellants,
v.
Evelyn YOUNG, Appellee.
No. 91-2964.
District Court of Appeal of Florida, Fourth District.
October 7, 1992.
Rehearing Denied December 1, 1992.
*1216 John Erick Sward of Thurlow & Smith, P.A., Stuart, for appellants.
Joseph L. Mannikko and Barbara W. Bronis of Frasier & Mannikko, Stuart, for appellee.
POLEN, Judge.
This appeal concerns a dispute between neighbors regarding the boundary line between their property. Appellants, the McGhees, own lot 2 of the Rustic Hills development in Martin County. The McGhees filed a complaint for ejectment against Evelyn Young, the owner of lot 1. Lot 1 adjoins lot 2, with the south boundary of lot 1 forming the north boundary of lot 2. In its final judgment the trial court determined that the legal boundary between lots 1 and 2 was a line that corresponded with the location of certain monuments found in the ground, and was approximately equidistant from each parties' home, rather than, as appellants now contend, the line that corresponded to the metes and bounds descriptions contained in the parties' deeds and the recorded plat of Rustic Hills, which line cuts through Young's home, garage, and septic tank drain field.
The parties are in agreement for the most part as to the facts of this case, with one significant exception. The parties agree that the deeds to their respective lots contain metes and bounds descriptions that correlate to the plat of survey of Rustic Hills. They agree that the original surveyor of the land placed 4" by 4" concrete monuments in the ground while taking metes and bounds measurements of the placement of these monuments. The parties' deeds contain these metes and bounds descriptions and reference the minor plat of Rustic Hills, although this plat was not filed until sometime after several lots in the subdivision, including these two, were conveyed from the developer.
Where the parties disagree is on the location of those original concrete monuments placed in the ground. There was substantial competent evidence to support the trial court's finding that the monuments were located along the line that became the fence line between the McGhees' lot 2 and Young's lot 1, the boundary which the trial court ultimately determined to be the legal boundary.
Having determined that the placement of the monuments in the ground differed from the metes and bounds descriptions contained in the deeds and depicted in the minor plat of Rustic Hills, the question became which should control, the monuments, or the descriptions as contained in the deeds and subsequently recorded in the plat? The trial court applied the reasoning contained in Tyson v. Edwards, 433 So.2d 549 (Fla. 5th DCA), petition for review denied, 441 So.2d 633 (Fla. 1983), concluding that the placement of monuments on the ground by the original surveyor should control over the written metes and bounds descriptions and the recorded minor plat of *1217 Rustic Hills. We agree that Tyson controls the instant case, and affirm the trial court's final judgment.
Tyson concerned a discrepancy between where the original surveyor intended lots to be with relationship to the true location of government section lines in an area, and where the original surveyor actually laid out and monumented the boundaries of these lots on the ground. Id. at 551. The Tysons claimed a boundary line that was correct according to the apparent intention of the original survey as documented in the plat, and Mr. Edward and the appellees claimed a boundary line that was consistent with lot lines established by the original survey on the ground and occupied by owners. The issue as expressed by the court was:
Where an original survey subdivides and lays out boundaries of parcels in a tract of land which has theretofore existed as a single unit and runs lines and places monuments establishing the location of the subdivided parcels or plots or lots on the ground and the surveyor draws a plat of survey or written map of his work which is recorded and subsequently one or more parcels are conveyed by deed describing the parcels according to such plat of survey and some parcels are sold according to the plat but purchasers take actual possession according to the survey as monumented on the ground and there is a discrepancy and conflict between the location of parcels as located by the original survey on the ground and as they are shown to be located according to the recorded plat, is the correct legal location of a particular parcel as it was actually originally located and possession taken on the ground or is it as can now be located by following only the intent revealed by the recorded plat?
Id. at 551-552. The court simplified the issue as follows:
In the event of a discrepancy as to subdivided land lot lines, do you go with what the original surveyor intended to do as shown by the plat or do you go with what the original surveyor did by way of laying out and monumenting his survey on the ground?
Id. at 552.
In resolving this question Judge Cowart noted the distinction between the role and practice of the surveyor and that of the lawyer, architect, or design engineer. The latter group is accustomed to reducing abstract ideas to paper and then relying upon the written document to achieve the original goal as written. In this case the written document is always considered authoritative and any deviation or discrepancy between this written document and what is actually done, is resolved in favor of "changing the physical to conform to the intention evidenced by the writing." Id. The surveyor, however, plays a different role and has a different practice with respect to his profession. While the original surveyor has a right or responsibility to establish new boundaries when he surveys previously unplatted land or subdivides a new tract, the sole duty of all subsequent or following surveyors is to locate the points and lines of the original survey by locating existing boundaries. Id. No following surveyor may establish a new corner or line, or correct erroneous surveys of earlier surveyors, when they track the original survey in locating existing boundaries. This is so because "man set monuments as landmarks before he invented paper and still today the true survey is what the original surveyor did on the ground by way of fixing boundaries by setting monuments and by running lines (`metes and bounds'), and the paper `survey' or plat of survey is intended only as a map of what is on the ground." Id. (emphasis added).
The court concluded that the monuments on the ground controlled the dispute, noting:
The surveying method is to establish boundaries by running lines and fixing monuments on the ground while making field notes of such acts. From the field notes, plats of survey or "maps" are later drawn to depict that which was *1218 done on the ground. In establishing the original boundary on the ground the original surveyor is conclusively presumed to have been correct and if later surveyors find there is error in the locations, measurements or otherwise, such error is the error of the last surveyor. Likewise, boundaries originally located and set (right, wrong, good or bad) are primary and controlling when inconsistent with plats purporting to portray the survey and later notions as to what the original subdivider or surveyor intended to be doing or as to where later surveyors, working, perhaps, under better conditions and more accurately with better equipment, would locate the boundary solely by using the plat as a guide or plan.
Id. (emphasis in original).
Applying Tyson to the instant case leads to the conclusion that the monuments, as located on the ground, control over the written descriptions of what the surveyor intended to do, that intention being evidenced in the deeds to the parcels as well as the later recorded minor plat of Rustic Hills. The correctness of this position is strengthened by a consideration of the ramifications of the alternative position. As Judge Cowart noted:
Even if it were true [that application of this rule of law would require the "redrawing" of several lot lines], it is far better to redraw lines on a piece of paper to make them consistent with occupancy on the ground than to uproot and move all of the property owners who have in good faith erected homes, fences and other improvements in conformity with monuments on the ground, in order to make their actual occupancy and possession conform to what is erroneously shown on a piece of paper recorded in the courthouse.
Id. at 554 n. 2.
We note further that we have considered the McGhees' argument that the principle established in Rivers v. Lozeau, 539 So.2d 1147 (Fla. 5th DCA), review denied, 545 So.2d 1368 (Fla. 1989), is applicable to the facts of the instant case. In Rivers, a surveyor establishing internal lines within a subdivision incorrectly located and monumented the boundary of a quarter-quarter section that had previously been located by the original government surveyor. Id. at 1152. The internal lines located in reliance upon this misplaced boundary were thus incorrect. Id. at 1149. The court noted that as concerns federal government surveys, "[t]he approved and accepted boundary lines established by the federal government surveyors are unchangeable and control all references in deeds and other documents describing parcels of land by reference to the federal government of sections, townships and ranges." Id. at 1152. The court ruled that a description of the land that referenced the government survey boundary line would be interpreted to have referenced the original government survey, and not the later incorrect placement of that government survey boundary line by the subsequent surveyor. Id. at 1153.
Rivers is distinguishable from the instant case. Here, there is no dispute as to the placement of a government boundary line to which metes and bounds descriptions refer. Neither party disputes the location of the original government quarter section corner. The instant case does not concern misplaced government boundaries, rather the dispute here concerns whether monuments placed on the ground, or metes and bounds descriptions of where those monuments were intended to be placed, should control a dispute as to an internal lot line surveyed for the first time by a private surveyor. Because Rivers is distinguishable, the trial court did not err in refusing to apply it here.
In summary, we conclude that the trial court correctly applied the principles recited in Tyson in determining that the monuments located on the ground between lot 1 and lot 2 should control as to the location of the legal boundary line. Although the McGhees argue that the trial court erred in *1219 finding that the monument located at point "L" was the original monument, the record contains substantial competent evidence to support the court's finding. The final judgment is affirmed.
AFFIRMED.
HERSEY, J., concurs.
SCHWARTZ, ALAN R., Associate Judge, dissents with opinion.
SCHWARTZ, ALAN R., Associate Judge, dissenting.
In my judgment, this case is not governed by Tyson v. Edwards, 433 So.2d 549 (Fla. 5th DCA 1983), pet. for review denied, 441 So.2d 663 (Fla. 1983), but by Rivers v. Lozeau, 539 So.2d 1147 (Fla. 5th DCA 1989), review denied, 545 So.2d 1368 (Fla. 1989). I would reverse on the authority of that decision.