612 So.2d 645 (1993)
James R. ENDRESS, Appellant,
v.
FLORIDA DEPARTMENT OF CORRECTIONS, Appellee.
No. 91-4145.
District Court of Appeal of Florida, First District.
January 14, 1993.
James R. Endress, pro se.
Robert A. Butterworth, Atty. Gen., and Claire D. Dryfuss, Asst. Atty. Gen., for appellee.
ALLEN, Judge.
The appellant is a prison inmate appealing an agency order entered in a section 120.56, Florida Statutes, rule challenge proceeding. The appeal was pending on July 1, 1992, when section 120.52(12)(d), Florida Statutes (Supp. 1992), became effective. As amended by chapter 92-166, section 9, Laws of Florida, this enactment no longer authorizes prisoners to obtain or participate in section 120.56 proceedings, or to seek judicial review under section 120.68, Florida Statutes, with regard to such agency action. In Rothermel v. Florida Parole and Probation Comm'n, 441 So.2d 663 *646 (Fla. 1st DCA 1983), this court considered the impact of a similar statutory change on pending appeals. Rothermel established that the new statute would apply so as to eliminate the right to appeal and require dismissal of pending cases. However, Rothermel cautioned that this result should pertain only insofar as the aggrieved prisoners had another available remedy.
In light of this caveat in Rothermel, and mindful of the requirements of article I, section 21, Florida Constitution, which ensures access to the courts for redress of injury, we issued orders to show cause in this and various other prisoner appeals currently pending under section 120.68. Having now fully considered all of the respondents to these orders, and none of the respondents having demonstrated any legal impediment to the application of section 120.52(12)(d) as amended, we conclude that in accordance with Rothermel the amended statute may apply to pending cases and requires the dismissal of such appeals.
In reaching this conclusion we note that many aggrieved prisoners may now be able to pursue a declaratory judgment under chapter 86, Florida Statutes. Section 86.021, Florida Statutes, expressly authorizes such a remedy with regard to "any regulation made under statutory authority," and section 86.051, Florida Statutes, further provides that the court's general power to grant declaratory relief does not depend on a specific enumeration of authority and may extend to "any act not yet done or any event which has not yet happened... ." We are aware that the criteria for standing to pursue relief under chapter 86 has at times been construed as differing somewhat from that which has pertained under various provisions in chapter 120. See Bayne v. Florida State Board of Dispensing Opticians, 212 So.2d 762 (Fla. 1968); D & W Oil Company, Inc. v. O'Malley, 293 So.2d 128 (Fla. 1st DCA 1974); see also, Florida Department of Offender Rehabilitation v. Jerry, 353 So.2d 1230 (Fla. 1st DCA), cert. denied, 359 So.2d 1215 (Fla. 1978). When the 1968 constitution was adopted, with the article I, section 21 guarantee of access to the courts, section 120.30(1), Florida Statutes (1967), permitted an "affected party" to obtain a declaratory judgment as to the validity, meaning, or application of an agency rule. This provision, which served as the predicate for the decisions in Bayne and D & W Oil, was subsequently repealed, thereby impacting the relief available to a party who is not substantially or adversely affected as indicated in Jerry. However, neither the distinction in the criteria for standing, nor the repeal of section 120.30, should affect the validity of section 120.52(12)(d) as amended. Furthermore, if any aggrieved prisoners who are now deprived of a chapter 120 remedy fail to satisfy the criteria for relief by a declaratory judgment under chapter 86, it would appear that other remedies, such as an extraordinary writ, might then be invoked. But these matters are beyond the necessary scope of the issues before us in the present case. Neither the appellant nor any of the other prisoners in the cases currently pending in this court have demonstrated that they are in such an affected class, or that they are unable to obtain relief outside the ambit of chapter 120.
This appeal under section 120.68 no longer being authorized by law, as no reason has been shown why the amendment to section 120.52(12)(d) should not apply, the appeal is dismissed.
BOOTH and SMITH, JJ., concur.