PER CURIAM.
Jerome F. Shannon appeals dismissal of his complaint for prohibition. He challenged a July 6, 1995, memorandum which set forth certain proceedings for inmate participation in telephonic court conferences. This memorandum provided, among other things, that except where the department was also a party, the inmate’s bank account should be charged for the cost of the long distance call. Further, “[i]f the funds are not available in the account to pay the charge in full, then the account shall be charged in part, up to the amount available.” The complaint challenged this policy as creating an unconstitutional burden on the plaintiffs right of access to the courts and it also claimed that agency policy was being announced without proper rulemaking.
We affirm the trial court’s denial of relief with regard to the access to courts claim. The policy merely requires an inmate to pay long distance charges in accordance with his or her ability to pay and participation in a telephonic hearing will not be denied because of lack of financial resources. We find, however, that the trial court did not give due consideration to appellant’s argument that the agency did not comply with chapter 120 in implementing this policy. Such a claim may be raised in the circuit court in a proceeding of this nature. Endress v. Florida Department of Corrections, 612 So.2d 645 (Fla. 1st DCA 1993). Although the appropriate remedy may be mandamus, rather than prohibition, appellant’s choice of the wrong remedy should not have resulted in denial of relief without treating the petition as if the proper remedy had been sought or granting leave to amend. See Art. V, § 2(a), Fla. Const.; Caverly v. State, 436 So.2d 191 (Fla. 2d DCA 1983). We therefore affirm in part and reverse in part, remanding to the trial court with directions to give further consideration to appellant’s contention that the defendant violated the provisions of chapter 120, Florida Statutes, in implementing this policy.
AFFIRMED IN PART, REVERSED IN PART and REMANDED WITH DIRECTIONS.
ALLEN, MICKLE and LAWRENCE, JJ., concur.