PER CURIAM.
Juamarino White petitions this court for a writ of certiorari to review an order of the Circuit Court for Leon County which denied a petition for writ of mandamus. We have jurisdiction in accordance with Sheley v. Florida Parole Comm’n, 720 So.2d 216 (Fla.1998). For the reasons set forth below, we deny the certiorari petition, but do so without prejudice to White’s right to seek relief through the appropriate remedy in circuit court.
Petitioner was mistakenly released prematurely from custody of the Florida Department of Corrections. When he was returned to custody, the Department held *728 a hearing as authorized by its F.A.C. Rule 33-601.604 and concluded that petitioner was not entitled to credit toward completion of his sentence for the time he was out of prison. He exhausted his administrative remedies and filed a mandamus petition in the Supreme Court of Florida, which transferred the petition to circuit court. After considering the Department’s response and petitioner’s reply, the circuit court denied relief, finding that mandamus was not an appropriate remedy for an inmate’s challenge to a rule. In his reply, petitioner had asked that the petition be treated as a complaint seeking declaratory relief but the court denied that request on the theory that there was no uncertainty or insecurity regarding petitioner’s rights under a statute, rule, or written instrument.
We find that the circuit court correctly denied the request to treat the mandamus petition as a declaratory judgment action but for the wrong reason. Such a claim must be properly pleaded and the defendant or defendants served in accordance with the Florida Rules of Civil Procedure. However, it is well-established that declaratory judgment is the remedy for an inmate in this circumstance. Endress v. Fla. Dep’t of Corr., 612 So.2d 645 (Fla. 1st DCA 1993). To the extent the circuit court’s order holds otherwise, it is incorrect. We decline to issue the writ of cer-tiorari because the outcome of the circuit court litigation, denial of the mandamus petition was proper.
PETITION DENIED.
KAHN, LEWIS, and POLSTON, JJ., concur.