PER CURIAM.
Appellants are inmates at Union Correctional Institute. They have filed a two-count declaratory judgment complaint challenging Rule 33-3.02(9)(d), Florida Administrative Code (subsequently renumbered as Rule 33-501.401(10)(d)). The trial court dismissed the complaint with prejudice, concluding (1) the court will not “put limits on the Department of Corrections regulating of the contents of an inmate’s cell,” and (2) plaintiffs failed to show that they “suffered any damages.” We conclude that Count I of the complaint states a cause of action. Accordingly we reverse and remand for further proceedings on that count.
The challenged rule limits appellants, as well as other inmates, to possession of four personal books, excluding religious testaments and law books not contained in the institution’s law library. In their complaint, appellants allege that earlier rules entitled them to possess as many personal books as their assigned individual storage space could contain and, further, that each appellant does in fact possess more than four personal books, some of which are legal books that are also in the prison library. In Count I of the Complaint for Declaratory Judgment, appellants seek a declaration that the rule violates their rights under the Due Process Clause of the United States Constitution because it unlawfully deprives them of a property interest that they acquired under the previous rules. In Count II, appellants claim that the rule impermissibly abridges or impairs their right of access to courts, under the Florida Constitution, because it unreasonably limits their ability to possess personal law books and thereby impairs *972 their ability to study law and learn how it operates. The first claim states a cause of action; the second does not.
We review the order dismissing the complaint with prejudice under the de novo standard. See Sarkis v. Pafford, Oil Co., 697 So.2d 524 (Fla. 1st DCA 1997). Although “the granting of declaratory relief lies within the discretion of the Court, and is not a matter of right, the discretion is not to be exercised in connection with a motion to dismiss a complaint which is sufficient to invoke the Court’s jurisdiction, but is to be exercised when the evidence is before the Court.” Bell v. Associated Independents, Inc., 143 So.2d 904, 908-09 (Fla. 2d DCA 1962) (citations omitted). “ ‘The test for sufficiency of a complaint for declaratory judgment is not whether the plaintiff will succeed in obtaining the decree he seeks favoring his position, but whether he is entitled to a declaration of rights at all’ ” Lutz Lake Fern Rd. Neighborhood Groups, Inc. v. Hillsborough County, 779 So.2d 380 (Fla. 2d DCA 2000) (quoting Platt v. General Dev. Corp., 122 So.2d 48, 50 (Fla. 2d DCA 1960)). A declaratory judgment action is a proper procedure for an inmate to challenge the constitutionality of rules adopted by the Department of Corrections. See Bass v. Department of Corrections, 684 So.2d 834 (Fla. 1st DCA 1996); Endress v. Department of Corrections, 612 So.2d 645 (Fla. 1st DCA 1993).
Seeking to uphold the lower court, the Department argues that because the prison has not confiscated any of appellants’ books, they have suffered no injury. Appellants respond by .noting that in an action for declaratory judgment, the plaintiffs need only show an imminent controversy. Appellants’ position is correct. See Santa Rosa County v. Administration Comm’n, Div. of Admin. Hearings, 661 So.2d 1190 (Fla.1995). Florida law provides that a declaratory judgment “may be rendered by way of anticipation with respect to any fact not yet done or any event which has not yet happened ....”§ 86.051, Fla.Stat. (1997). In Count I, appellants have alleged their property interest in certain books and have further alleged imminent deprivation of that property interest under the new rule. Although we express no opinion as to whether appellants are entitled to the relief they seek, the complaint does state a cause of action for a declaratory judgment.
The trial court did not err, however, in dismissing Count II, which sought relief under Florida’s access to courts provision. Appellants’ fear, whether or not well-founded, of losing certain books from their prison cells, will not, in and of itself, state a cause of action for deprivation of access to courts. The claimed damage here is simply too speculative.
As to Count I, we REVERSE and REMAND for further proceedings. As to Count II, we AFFIRM the order of the trial court.
ERVIN, MINER and KAHN, JJ., CONCUR.