803 So.2d 779 (2001)
Joseph DUSZLAK, as Guardian of the Property of Anika Salzburg, Appellant,
v.
Jason WANDS, White Construction Company, Inc., AIM Engineering & Surveying, Inc., and State of Florida Department of Transportation, Appellees.
No. 1D01-3308.
District Court of Appeal of Florida, First District.
November 16, 2001.
Rehearing Denied January 14, 2002.
*780 Theodore S. Pina, Jr. and Thomas R. Brown, Jacksonville, for Appellant.
Dudley D. Birder, Jr. of Monaco, Monaco, & Birder, P.A., Gainesville, for appellee Jason Wands.
Michael D. West of Huey Guilday & Tucker, Tallahassee for AIM Engineering & Surveying, Inc.
Robert A. Butterworth, Attorney General, Linzie F. Bogan, Assistant Attorney General, and Charlie McCoy, Assistant Attorney General, Tallahassee, for appellee State of Florida, Department of Transportation
Robert E. Schrader of Boyd & Jenerette, P.A., Jacksonville, for appellee White Construction Co.
PER CURIAM.
Having considered the responses to the September 13, 2001, order to show cause, we dismiss this appeal for lack of jurisdiction. The order on appeal neither dismisses all of the interrelated claims arising from the same set of facts and involving the same parties, nor does it entirely dismiss a party from the litigation. Therefore, the order below is not an appealable partial final judgment. See S.L.T. Warehouse Co. v. Webb, 304 So.2d 97, 100 (Fla.1974); Odham v. Mouat, 484 So.2d 95, 96 (Fla. 1st DCA 1986). Additionally, the order below is a nonfinal, nonappealable order granting a motion to dismiss that does not enter judgment of dismissal. See Benton v. Moore, 655 So.2d 1272 (Fla. 1st DCA 1995). Because no appealable partial final judgment could be entered as long as related claims remain below, the argument that exceptional circumstances exist to warrant delaying dismissal of this appeal to allow additional time to obtain a final order is moot. However, this dismissal is without prejudice to appellant's right to seek review upon final disposition of the proceedings below. The motion for partial consolidation is denied as moot.
BOOTH, WEBSTER and PADOVANO, JJ., CONCUR.