802 So.2d 520 (2001)
FLORIDA CHAPTER OF THE SIERRA CLUB and Save Our Suwannee, Inc., Appellants,
v.
SUWANNEE AMERICAN CEMENT COMPANY, INC., and Department of Environmental Protection, Appellees.
No. 1D00-2355.
District Court of Appeal of Florida, First District.
December 31, 2001.
Patrice Boyes, Gainesville and Peter Belmont, St. Petersburg, for Appellant.
*521 W. Robert Vezina, III and Mary M. Piccard of Vezina, Lawrence & Piscitelli, P.A.; and Lawrence E. Sellers, Jr. and Lawrence N. Curtin of Holland & Knight, Tallahassee, for Appellee Suwannee American Cement Company, Inc.
Teri L. Donaldson, General Counsel and Jack Chisolm, Deputy General Counsel, Department of Environmental Protection, Tallahassee, for Appellee Department of Environmental Protection.
David Wagner, County Attorney and David C. Schwartz, Assistant County Attorney, Gainesville, for Appellee Amicus Curiae Alachua County.
PER CURIAM.
The Florida Chapter of The Sierra Club (Sierra Club) and Save Our Suwannee, Inc. (SOS), appeal an order of the Department of Environmental Protection (DEP) which granted appellee Suwannee American Cement Company (Suwannee Cement) a permit to construct a cement production plant in Suwannee County, Florida. Suwannee Cement moved to dismiss this appeal arguing that appellants lack standing to bring the appeal. By order we granted the motion to dismiss, and now write to explain in more detail the basis for this dismissal.
Following Suwannee Cement filing its application for a permit to build the cement production plant, DEP gave notice of its intent to deny the application. Suwannee Cement's request for an administrative hearing was granted. The Sierra Club and SOS also sought a hearing arguing that there were additional bases for denial of the permit application than those cited by DEP. Before a hearing was held, Suwannee Cement and DEP agreed, following settlement negotiations, that the permit would be issued. At the subsequent administrative hearing, DEP defended its decision to grant a permit and denied that Suwannee Cement was required to prove, in order to obtain a permit, that certain water quality standards would be met in the operation of the plant, as argued by appellants.
After receiving extensive testimony and argument, the administrative law judge issued a recommended order in which he found that the water quality standards were not implicated by this permit application and recommended granting the permit. A final order of DEP followed, which, after disposing of exceptions to the recommended order, granted the contested permit. The Sierra Club and SOS then sought review of the final order in this court.
Section 120.68(1), Florida Statutes (2000), allows judicial review of a final order only by "a party who is adversely affected." Interpreting section 120.68(1), this court explained in Daniels v. Florida Parole and Prob. Comm'n, 401 So.2d 1351 (Fla. 1st DCA 1981), aff'd sub nom, Roberson v. Florida Parole and Prob. Comm'n, 444 So.2d 917 (Fla.1983), that chapter 120, Florida Statutes, the Florida Administrative Procedures Act, defines a "party" more narrowly for the purposes of obtaining appellate review than for the purposes of obtaining an administrative proceeding.
In Legal Envtl. Assistance Found. v. Clark, 668 So.2d 982, 987 (Fla. 1996)(LEAF), the Florida Supreme Court, citing Daniels, held that a public interest advocacy organization lacked standing to challenge a final order of the Public Service Commission setting conservation goals because the organization had failed to show that its interests would be "adversely affected" by the final agency action. The Court explained that LEAF's stated interest in protecting "its members' use and enjoyment of Florida's natural resources by seeking to avoid unneeded new power plants and obtaining lower energy costs to *522 consumers" was not a "basis upon which to conclude that the organizations' interests are adversely affected." Id.
The decision in LEAF is consistent with decisional law subsequent to Sierra Club v. Morton, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972), where the Court rejected a claim of standing under section 10 of the U.S. Administrative Procedure Act, 5 U.S.C. § 702,[1] by an environmental organization seeking judicial review of the grant of a permit by the United States Forest Service to develop a resort in the Sequoia National Forest. There, although the Supreme Court recognized that "an organization whose members are injured may represent those members in a proceeding for judicial review," id. at 405 U.S. at 738, 92 S.Ct. 1361, the Court held that a general interest in environmental issues did not place the organization in Morton "among the injured." Id. 405 U.S. at 734, 92 S.Ct. 1361; see generally Karl S. Coplan, Direct Environmental Standing for Chartered Conservation Corporations, 12 Duke Envtl. L. & Pol'y F. 183 (Fall 2001).
Relying on Daniels and LEAF in its motion to dismiss, Suwannee Cement has argued that neither the Sierra Club nor SOS has demonstrated that it will be adversely affected by the final agency action in the case before us, that is, the final order. We agree.
SOS has not specifically asserted that the final agency action here created an "injury in fact" or impending injury to its interests, see Matter of Surface Water Mgmt. Permit No. 50-01420-S, Challancin v. Florida Land & Water Adjudicatory Comm'n, 515 So.2d 1288, 1292-94 (Fla. 4th DCA 1987), or an adverse effect with respect to any of its individual members. Compare Sierra Club v. Simkins Indus., Inc., 847 F.2d 1109, 1112-1113 (4th Cir. 1988); see generally Coplan, 12 Duke Envtl. L. & Pol'y F. at 189 ("Since the Morton decision, most organizational plaintiffs have relied on the individual standing of their members, and the representative capacity of the organization, to establish standing to sue."). Instead, SOS argues that it possesses standing to bring this appeal based on the fact that its members are citizens of the state and that the state has granted to citizens the right to participate in administrative, licensing or other proceedings authorized by law for the protection of the environment. However, the "fact that a person [or party] may have the requisite standing to appear as a party before an agency at a de novo proceeding does not mean that the party automatically has standing to appeal." Daniels, 401 So.2d at 1354. Because SOS has failed to establish any basis for standing beyond the fact that it had standing to appear at the administrative proceeding, we dismiss the appeal as to SOS on the authority of Daniels.
The Sierra Club's claim of standing is equally unavailing. The Sierra Club generally argues that, because its members use the rivers into which, allegedly, mercury discharge from the cement plant will flow and accumulate in fish, the organization is adversely affected. The Sierra Club, however, has provided no facts concerning any member who is individually adversely affected by the construction of the cement plant. Compare Simkins Indus., 847 F.2d at 1112. An assertion of standing based upon a generalized interest in the environment, such as the Sierra *523 Club's argument here, is insufficient under LEAF. 668 So.2d at 986-987. Thus, the appeal must be dismissed as to the Sierra Club.
We recognize that, in Challancin, the Fourth District held that certain Audubon Societies were "affected persons" entitled to seek judicial review of the issuance of a permit by a water management district because "the raison d'etre of the Audubon Societies is concern for the preservation of the environment." Challancin, 515 So.2d at 1292. We acknowledge the apparent conflict between the decision in Challancin and our holding here. Challancin predated the Supreme Court's decision in LEAF by nine years, however, and we read LEAF as overruling the holding in Challancin sub silencio. In addition, in Challancin, the court also found that the Audubon Societies had alleged an actual ownership of affected land which satisfied the "injury in fact" test of Morton. See Challancin, 515 So.2d at 1293.
The appeal is DISMISSED.
ERVIN, DAVIS and VAN NORTWICK, JJ., Concur.
NOTES
[1] Section 10 of the Federal Administrative Procedure Act, 5 U.S.C. § 702, provides, in pertinent part, that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."