857 So.2d 207 (2003)
ENVIRONMENTAL CONFEDERATION OF SOUTHWEST FLORIDA, INC., and Manasota-88, Inc., Appellants,
v.
IMC PHOSPHATES, INC. and Florida Department of Environmental Protection, Appellees.
No. 1D03-1717.
District Court of Appeal of Florida, First District.
July 31, 2003.
Opinion Denying Rehearing October 28, 2003.
*208 David G. Guest and Aliki Moncrief, Tallahassee, for Appellants.
Steven L. Brannock and Sarah C. Weinzierl of Holland & Knight, LLP, Tampa and Lawrence E. Sellers, Jr., of Holland and Knight, Tallahassee, for Appellees.
PADOVANO, J.
IMC Phosphates, Inc., moves to dismiss the appeal in this case on the ground that the Environmental Confederation of Southwest Florida, Inc., and Manasota-88, Inc., are not adversely affected by the order to be reviewed. In the order at issue, the Department of Environmental Protection concluded that the Confederation and Manasota-88 lacked standing to initiate a challenge to a proposed environmental permit. This decision was supported by the terms of a new statute restricting the standing of organizations, but the Confederation and Manasota-88 contend that the statute is unconstitutional. We hold that the denial of the right to initiate a challenge to the permit was an injury that is sufficient to establish the right to judicial review, and we therefore deny the motion to dismiss.
The present legal controversy evolved from a dispute over the issuance of a permit to mine phosphate. In January of 2003, the Department announced its intention to issue an environmental resource permit authorizing IMC Phosphates to engage in phosphate mining in Hardee County, near the town of Ona. The Confederation and Mansota-88 filed a timely petition for a formal administrative hearing to challenge the issuance of the permit.
As alleged in the petition for hearing, the Confederation and Manasota-88 are public interest groups organized to protect southwest Florida's natural resources. Each group has a substantial membership in the southwest part of the state, but neither has a sufficient number of members in Hardee County to meet the group standing requirement imposed by section 403.412(6), Florida Statutes (2002). As conceded in the petition, Manasota-88 has only four members in Hardee County and the Confederation has only one member in the county.
On March 14, 2003, the Department entered an order dismissing the petition on the ground that the Confederation and Manasota-88 did not meet the statutory requirements for organizational standing. By this time, the Department had also received petitions by a number of other governmental and private organizations, all relating to the same environmental resource permit. These petitions were consolidated for hearing, and the Department informed the Confederation and Manasota-88 that they could participate as intervenors in the consolidated proceeding.
The dismissal of the petition in this case was without prejudice and with leave to amend the allegations of standing. However, the Confederation and Manasota-88 could not meet the organizational standing requirements of the new statute. Because they wished to challenge the validity of the statute on appeal, they declined to amend their petition and instead asked the Department to enter a final order of dismissal. *209 When the Department issued its final order, the Confederation and Manasota-88 filed a timely appeal to this court. IMC Phosphates contends that the appeal should be dismissed because the Confederation and Manasota-88 have not shown that they were harmed by the order dismissing their petition before the agency. We reject this argument.
Section 120.68(1), Florida Statutes (2002) states that "[a] party who is adversely affected by final agency action is entitled to judicial review." This statute establishes a right to seek judicial review of a final administrative decision, but limits that right to litigants who will suffer an injury by the order to be reviewed. See Legal Envtl. Assistance Found., Inc. v. Clark, 668 So.2d 982 (Fla.1996) (holding that a public interest advocacy group was not aggrieved by an order of the Public Service Commission setting conservation goals). An organization is not entitled to seek judicial review of an administrative decision merely because it has a general interest in the issue decided. See Florida Chapter of the Sierra Club v. Suwannee Am. Cement Co., Inc., 802 So.2d 520, 522 (Fla. 1st DCA 2001). Instead, an organization must show that it will suffer an injury in fact or that the action of the agency will adversely affect its individual members. Id.
The Confederation and Manasota-88 were "adversely affected" by the order appealed in this case for the simple reason that the order denied them a right to assert a challenge to the permit. We need not determine whether the mining operations, if permitted, will cause an injury. The harm is that potential litigants were denied the right to initiate an action in an administrative tribunal. An order dismissing an administrative petition for lack of standing is necessarily subject to judicial review. If that were not the case, such an order could never be challenged in court. Certainly, we could not say that a litigant who files a petition that is dismissed for lack of standing cannot appeal the dismissal because he lacks standing. That is the very question presented in the appeal.
The central issue in the dispute over standing in the lower tribunal is the constitutionality of section 403.412(6), Florida Statutes (2002), which places new restrictions on the right of an organization to challenge an environmental permit. The Confederation and Manasota-88 contend that the legislative act adopting these new restrictions violates the single subject rule. We do not address that argument now, except to say that if it is correct, the order at issue must be reversed. Otherwise, the effect of the order would be to employ an unconstitutional statute to deprive a litigant of the right to seek redress in an administrative tribunal.
Under the prior law, an organization could request a hearing to challenge an environmental permit simply by filing a verified petition asserting that the challenged activity would injure Florida's resources. See Manasota-88, Inc., v. Dep't of Envtl. Regulation, 441 So.2d 1109, 1111 (Fla. 1st DCA 1983). Standing is much more restrictive under the terms of the 2002 revision of the statute. Subsection (6) provides in material part:
Any Florida corporation not for profit which has at least twenty-five current members residing within the county where the activity is proposed, and which was formed for the purpose of the protection of the environment, fish and wildlife resources, and protection of air and water quality, may initiate a hearing pursuant to s. 120.569 or s. 120.57.
§ 403.412(6), Fla. Stat. (2002). If the statute is valid, the Confederation and Manasota-88 *210 lack standing to initiate a challenge to the petition. Although both groups have substantial memberships in southwest Florida, neither can claim to have twenty-five members in Hardee County.
One aspect of the case that obscures the issue of standing to seek judicial review is that the constitutional argument regarding the validity of the statute has not yet been presented. If an administrative agency had the power to address the constitutionality of a state law and if, in fact, the Department had declared the statute in this case to be valid, there would be little question that the order would be subject to judicial review. The argument has not yet been presented, though, because an administrative agency cannot pass on the constitutionality of a state law. If we were to hold that the Confederation and Manasota-88 have no right to appeal, the validity of the statute could escape review in the courts.
The new statute contains another feature that is relevant to the arguments made on the motion to dismiss the appeal. It provides that an organization failing to qualify for standing to initiate an administrative proceeding may nevertheless participate as an intervenor. Subsection 403.412(5) states in pertinent part:
In any administrative, licensing, or other proceedings authorized by law for the protection of the air, water, or other natural resources of the state from pollution, impairment, or destruction, ... a citizen of the state shall have standing to intervene as a party on the filing of a verified pleading asserting that the activity, conduct, or product to be licensed or permitted has or will have the effect of impairing, polluting, or otherwise injuring the air, water, or other natural resources of the state.
§ 403.412(5), Fla. Stat. (2002). This subsection goes on to define an intervenor as a litigant who joins an "ongoing" administrative proceeding. To emphasize this point, the statute then provides that an intervenor has no right to "institute, initiate, petition for, or request" an administrative hearing. It follows that an organization can challenge a proposed environmental permit under subdivision (5) only if someone else having standing has already initiated a proceeding to challenge the same permit.
IMC Phosphates argues that the Confederation and Manasota-88 have not been adversely affected by the Department's order because they are still entitled to intervene in the consolidated proceeding. The weakness in this argument is that it assumes a litigant who is allowed to intervene has the same rights as a litigant who can initiate the action as a party. That is simply not the case. If the Confederation and Manasota-88 have been wrongfully denied the right to initiate their own challenge to the permit, the harm cannot be cured merely by allowing them to intervene in a proceeding controlled by other litigants.
Florida courts have held that the rights of an intervenor are subordinate to the rights of the parties. See Hoechst Celanese Corp. v. Fry, 693 So.2d 1003 (Fla. 3d DCA 1997); Bay Park Towers Condominium Ass'n, Inc. v. H.J. Ross & Assocs., 503 So.2d 1333 (Fla. 3d DCA 1987). This principle is incorporated in rule 1.230 of the Florida Rules of Civil Procedure which states that "intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding." The same principle has been applied in administrative proceedings. See Humana of Fla., Inc. v. Dep't of Health and Rehab. Servs., 500 So.2d 186, 188 (Fla. 1st DCA 1986). As these authorities illustrate, the *211 rights of an intervenor are much more limited than the rights of a party.
Intervention is a dependent remedy in the sense that an intervenor may not inject a new issue into the case. See Nat'l Wildlife Fed'n Inc. v. Glisson, 531 So.2d 996 (Fla. 1st DCA 1988). The Confederation and Manasota-88 might be able to make an argument that would persuade the Department to deny the permit, but that would not be of any benefit to them if the argument did not fit within an issue raised by one of the parties. Furthermore, the rights of an intervenor are conditional in that they exist only so long as the litigation continues between the parties. For example, a voluntary dismissal by the party asserting a claim will generally foreclose the rights of an intervenor who wished to address that claim. See Humana, 500 So.2d at 187; Colucci v. Greenfield, 547 So.2d 224 (Fla. 3d DCA 1989); Dep't of Health and Rehab. Servs. v. Alice P., et al., 367 So.2d 1045 (Fla. 1st DCA 1979). Any right the Confederation and Manasota-88 might have to participate as intervenors would be lost altogether if the parties decide to settle the case or voluntarily dismiss it.
For these reasons, we conclude that the Confederation and Manasota-88 are adversely affected by the order denying their right to a formal administrative hearing on the proposed environmental permit. Because they have shown that the order is subject to judicial review under section 120.68(1), Florida Statutes, the court has jurisdiction to address the merits of the appeal.
Motion denied.
POLSTON, J., concurs; ERVIN, J., dissents with opinion.
ERVIN, J., dissenting.
I cannot agree with the majority's conclusion that, as applied to the facts in this case, "the denial of the right to initiate a challenge to the permit was an injury that is sufficient to establish the right to judicial review" (emphasis added) under section 120.68(1), Florida Statutes (2002).[1] If the appellants, Environmental Confederation of Southwest Florida, Inc., and Manasota-88, Inc., had been foreclosed altogether from the right to participate in the ongoing administrative proceeding, then I could agree that would be a sufficient demonstration of injury. The majority, however, assumes as a matter of law, without requiring appellants to make any further showing, that because their standing has been restricted by section 403.412(5), Florida Statutes (2002), they have necessarily been injured. I cannot comprehend how we can reach this conclusion until appellants make a factual display of injury. In other words, how can we possibly know, in the absence of appellants actually having availed themselves of the opportunity to participate in the hearing as intervenors an opportunity they deliberately declinedwhether their ability to carry out their challenge to the permit application was in any way "adversely affected" by the revised statute so as to confer standing for judicial review?
In my judgment, the motion to dismiss the appeal should be granted because appellants have as yet failed to show how they have been adversely affected, an essential requisite under the Administrative Procedure Act for bringing an appeal from a final order. It is well established that one's standing for the purpose of obtaining judicial review is more restrictive than standing to participate as a party in *212 an administrative hearing. As explained in Legal Environmental Assistance Foundation, Inc. v. Clark, 668 So.2d 982 (Fla. 1996), a broader zone of party representation at the administrative level is permitted than at the appellate level. For example, in rulemaking, a large number of persons may be invited to participate as parties so as to provide information to the agency concerning a broad spectrum of policy considerations affecting proposed rules. Yet a person who participates in such proceeding does not necessarily possess any interests that are adversely or even substantially affected. Id. at 987 (quoting Daniels v. Fla. Parole & Probation Comm'n, 401 So.2d 1351 (Fla. 1st DCA 1981)). See also Fox v. Smith, 508 So.2d 1280, 1281 (Fla. 3d DCA 1987). Pertinent case law also makes clear that appellants' general environmental concerns do not confer standing as a means of attaining judicial review. See Fla. Chapter of the Sierra Club v. Suwannee Am. Cement Co., 802 So.2d 520, 522-23 (Fla. 1st DCA 2001) ("An assertion of standing based upon a generalized interest in the environment ... is insufficient....").
I acknowledge that at some point in the proceeding, had appellants participated as intervenors, they could possibly make a showing of harm resulting from the occurrence of a future event, such as the settlement of the case by the parties, thereby precluding them from going forward with their challenge, or by entry of a final order granting the permit. It is also possible that they and the opposing parties might be successful in their protest to the application, which would result in the mooting of appellants' constitutional claim. Nevertheless, at this juncture, all of appellants' fears of harm rest on conjecture and speculation, without any showing of present injury.
In my judgment, this case should be controlled by the rule stated in Florida Department of Offender Rehabilitation v. Jerry, 353 So.2d 1230 (Fla. 1st DCA 1978), in which an inmate sought to challenge an administrative rule concerning disciplinary confinement and the forfeiture of gain-time for disciplinary violations. In denying him standing, we concluded that Jerry had made no showing of injury that was accompanied by continuing adverse effects. Among other things, he failed to establish that he was serving disciplinary confinement or that his existing prison sentence had been subjected to loss of gain-time. Any prospect of future injury rested on the likelihood that he would again be subjected to disciplinary confinement, because of possible future infractions of the rule. We stated:
Whether this will occur, however, is a matter of speculation and conjecture and we will not presume that Jerry, having once committed an assault while in custody, will do so again. To so presume would result only in illusory speculation which is hardly supportive of issues of "sufficient immediacy and reality" necessary to confer standing.
Id. at 1236.
The majority's determination to deny the motion to dismiss depends entirely upon the assumption that because appellants have been denied full party status to initiate a challenge to the permit and are relegated to the subordinate role of intervenors they have, as a matter of law, without any showing of injury in fact, adequately demonstrated harm. This court is thereby forced to address a constitutional issue that would ordinarily be considered premature. By permitting this unwarranted review, the majority's decision is contrary to the long-established rule that courts need not address the constitutionality of a statute unless it is absolutely necessary *213 to the resolution of the case. See In re Estate of Sale, 227 So.2d 199, 201 (Fla. 1969). And, more to the point, courts will not decide a constitutional issue in the absence of a showing of justiciable controversy between the parties.
Recently, in State v. Florida Consumer Action Network, 830 So.2d 148 (Fla. 1st DCA 2002), a complaint for declaratory judgment was brought seeking a declaration that chapter 99-225, Laws of Florida, a comprehensive bill addressing multiple aspects of civil litigation, was unconstitutional because it covered more than a single subject. In reversing the lower court's final summary judgment granting declaratory relief and in remanding the case to the trial court with directions to dismiss the complaint with prejudice, we noted that the plaintiffs' alleged claims of injury were nonspecific and hypothetical and did no more than question the constitutionality of the statute based on vague, general fears of possible future harm.
If a plaintiff cannot maintain an action for declaratory judgment as a means of attacking a statute's constitutional validity because of a failure to assert facts demonstrating injury, I fail to understand why an appeal from an administrative order should be available to appellants as a vehicle for a de novo constitutional challenge in the absence of any display by them of present harm. It appears to me that appellants' primary interest is not in contesting the issuance of a mining permit, but rather in asserting a constitutional challenge to section 403.412(5), based on the constitution's single-subject provision. By allowing the appeal to proceed on a constitutional issue in the absence of any demonstration of injury that has either occurred or is imminently threatened, we will essentially engage in the sterile exercise of issuing an advisory opinion. I would dismiss this appeal.

ON REHEARING
PADOVANO, J.
IMC Phosphates contends that the decision in this case conflicts with the recent decision of the court in Environmental Confederation of Southwest Florida, Inc., Manasota-88 v. State of Florida, Department of Environmental Protection, 852 So.2d 349 (Fla. 1st DCA 2003), a case presenting a constitutional challenge to the same statute. There, the court dismissed an appeal from a final order in an action for declaratory relief, on the ground that the single subject issue had been rendered moot by a reenactment of the statute in 2003.
The essential difference is that the appeal in this case is an appeal from an adverse decision made under the authority of the statute, before the alleged defect in the statute was corrected. This is not an abstract issue like the one remaining in the declaratory judgment case in the wake of the reenactment. Whether the statute violated the single-subject rule before it was reenacted is a question that is not a proper subject for declaratory relief. The answer to that question is purely academic. In contrast, the issue in this case involves a use of the statute at a time when it was alleged to be unconstitutional. The statute was employed to deny the Confederation and Manasota-88 the right to initiate a challenge to a proposed permit.
In the present case, the issue would be moot only if the statute as reenacted in 2003 can be applied retroactively to the date of denial. We need not explore this point, however, because IMC Phosphates has yet to make a proper claim that the appeal in this case is moot. The only argument made in the motion to dismiss the appeal was that the Confederation and *214 Manasota-88 lacked standing. We addressed that claim in the main opinion. IMC Phosphates' current argument that the appeal is moot was presented to this court for the first time in its motion for rehearing. The mootness argument could have been made much earlier in this case, as it apparently was in the declaratory judgment case.
IMC Phosphates is not in a position to seek rehearing on the ground that the court overlooked or misunderstood its argument; the argument simply was not made. Rule 9.330 of the Florida Rules of Appellate Procedure states in material part that a motion for rehearing "shall not present issues not previously raised in the proceeding." By the authority of this rule, we deny IMC Phosphates' motion for rehearing.
The Department of Environmental Protection has also filed a motion for rehearing. This motion refers only to matters that were properly before the court, but it does not reveal any error in the decision. Accordingly, we deny the Department's motion for rehearing, as well.
POLSTON, J., concurs. ERVIN, J., dissents with opinion.
ERVIN, J., dissenting.
Although I will not restate what I said in my original dissent to the majority's opinion, I consider it important to discuss an issue raised in appellee IMC Phosphates Company's motion for rehearing and rehearing en banc, which IMC did not have the opportunity to mention in its initial motion to dismiss. Appellee points out that subsequent to this court's decision, another panel of this court dismissed the appeal of the same appellants in a companion case, because appellants' single-subject constitutional challenge to section 403.412(6), Florida Statutes, had become moot due to the legislature's readoption of the Florida Statutes on July 1, 2003. Envtl. Confed'n of S.W. Fla., Inc. v. Dep't of Envtl. Protection, 852 So.2d 349 (Fla. 1st DCA 2003) (Environmental Confederation II).
IMC argues that there is no more practical reason to be served by allowing the appeal to proceed in this case than there was in the companion case, and I agree. In both appeals, appellants have sought nothing more than a decision from this court declaring that the statute restricting standing violates the constitution's demand that every law embrace but one subject. The majority in the present case, in refusing to dismiss the appeal, takes the position that the issue before this court in the declaratory-judgment suit was only abstract, apparently because the case had not yet ripened into a case in controversy, unlike the present appeal, in which the statute was used as the basis for denying appellants' right to challenge a proposed permit application as parties, before the alleged single-subject defect had been cured by its readoption.
I am unaware of any language in Environmental Confederation II that supports a conclusion that the reason the panel there dismissed the appeal was due to the lack of an existing controversy between the parties. In fact, the panel acknowledged "that appellants [had] initiated their challenge during the window period for raising a single subject claim, [but] they have failed to articulate any practical purpose that would be served by allowing this appeal from the denial of declaratory and injunctive relief to continue now that the window period has closed." Id. at 350. Thus, despite the clearly established rule that a law passed in violation of the single-subject requirement remains invalid until reenacted, and despite the initiation of the suit before the statute's readoption, the panel in Environmental Confederation II *215 essentially concluded there were no facts appellants could allege that would make their challenge viable. Although the opinion does not state why there is a lack of any practical reason for the appeal not to proceed, it is inconceivable to me that the court based its decision on the absence of a controversy that had either not been alleged or was incapable of being alleged. In so concluding, I have relied on the records in both the present appeal and in Environmental Confederation II, which may be judicially noticed. See Sinclair v. State, 853 So.2d 551 n. 2 (Fla. 1st DCA 2003). The pertinent facts in both cases are hereafter summarized.
In Environmental Confederation II, appellants, on August 14, 2002, filed their declaratory-judgment suit, asserting the constitutional invalidity of section 403.412(6), Florida Statutes (2002). They amended their complaint on December 18, 2002, to allege, among other things, their intent to file a challenge to a notice of a mining permit they anticipated would be issued within the very near future. They further alleged such challenge would be barred if the newly enacted statute restricting standing were held constitutional. Thereafter, both appellants and the Department of Environmental Protection (DEP) filed motions for summary judgment. Appellants asserted in an affidavit supporting their motion that they had, after filing their complaint, received notice of DEP's intent to issue the mining permit, and that they were preparing an immediate challenge to the permit. Although the challenge had not been perfected by the time of the hearing for summary judgment, appellants asked the trial court to judicially notice that they had filed their administrative challenge to the permit notice on February 11, 2003. On March 4, 2003, the court entered summary judgment for DEP and dismissed appellants' complaint with prejudice, holding that they had failed to allege an injury in fact that would state a case or controversy sufficient to bring an action for declaratory judgment, and that section 403.412(6) did not violate the single-subject requirement. Regarding the first reason for dismissal, the trial court explained: "Because the plaintiffs fail to present any concrete case in which they are precluded from participating in an administrative proceeding due to the new requirements, they fail to state a case or controversy within this Court's declaratory judgment subject matter jurisdiction." The "concrete case" the court alluded to occurred the following month, when, during the pendency of the appeal from the complaint's dismissal, DEP, on April 22, 2003, entered the order at issue in this appeal, dismissing appellants' challenge to the mining permit due to their lack of standing as a result of the more restrictive standing requirements of section 403.412(6).
Appellants recited the above facts in their brief in Environmental Confederation II, and they are supported by the record. I consider it reasonably clear that the lower court erred in ruling that because appellants failed to show they had received an administrative denial of their challenge to the mining permit, they were unable to establish the existence of an actual case or controversy. The rule is firmly established that a suit for declaratory judgment will be entertained where claims are "`present and indicative of threatened litigation in the immediate future, which seems unavoidable, even though the differences between such parties as to their legal rights have not reached the stage of an actual controversy.' " Ready v. Safeway Rock Co., 157 Fla. 27, 24 So.2d 808, 811 (1946) (Brown, J., concurring) (quoting 16 Am.Jur. § 10 at 282). Accord Hardwick v. Moore, 795 So.2d 970, 972 (Fla. 1st DCA 2001) ("[I]n an action for declaratory judgment, the plaintiffs need only show an imminent controversy."). Indeed, the statute pertaining *216 to declaratory judgments itself provides that such relief "may be rendered by way of anticipation with respect to any act not yet done or any event which has not yet happened." § 86.051, Fla. Stat. (2002).
It is abundantly obvious in the record that appellants were able to show an "imminent controversy." Consequently, I doubt very much that the panel's dismissal of the appeal in Environmental Confederation II was grounded on the trial court's reasoning. Even if the trial court was correct, a case in controversy had clearly ripened after appellants' appeal from the summary judgment, when DEP entered the administrative order dismissing appellants' challenge, a fact of which appellants had informed the panel in Environmental Confederation II. Nevertheless, the panel essentially decided that even if the statute could be considered to violate the single-subject requirement, appellants had not alleged, nor could they amend their complaint to allege, any conceivable set of facts that would establish a legal cause of action.
The only rational explanation for the panel's ruling is, as the majority briefly mentioned above, that the appeal would become moot if section 403.612(2) applied retroactively to the date of the denial of appellants' challenge. Under such theory, it would be immaterial whether the 2002 statute violated the single-subject requirement, if the statute, when readopted in 2003, were determined to be procedural rather than substantive. The rule has long been established that procedural or remedial statutes are applied retroactively to acts preceding the effective date of their enactment. See Sullivan v. Mayo, 121 So.2d 424 (Fla.1960). Statutes are procedural that define the proper parties in suits litigating substantive rights. See Avila S. Condo. Ass'n v. Kappa Corp., 347 So.2d 599, 608 (Fla.1977); Fla. Wildlife Fed'n v. Dep't of Envtl. Regulation, 390 So.2d 64, 67 (Fla.1980).
This court's opinion in Rothermel v. Florida Parole & Probation Commission, 441 So.2d 663 (Fla. 1st DCA 1983), approved sub nom. Griffith v. Florida Parole & Probation Commission, 485 So.2d 818 (Fla.1986), is highly illustrative of the above rule. There the court was asked to decide whether it retained jurisdiction over an appeal taken from an order that had preceded the effective date of an amendment to section 120.52(10), Florida Statutes (Supp.1982), which denied inmates' standing to participate as parties to certain proceedings, as well as their right to seek administrative review from orders entered in such proceedings. Noting that the legislature did not expressly state whether the statute was intended to operate prospectively or retrospectively, the court continued:
Since no clear intent is expressed in the subject legislation, its provisions will apply retrospectively if they are remedial or procedural and do not affect substantive or vested rights. There can be little doubt that the relevant portions of Chapter 83-78 are of the kind which affect only remedial or procedural statutory provisions. It is generally recognized that no vested rights exist as to a particular remedy or mode of procedure.
Id. at 664. The court thereupon applied the rule that cases which remain pending on appeal are affected by legislative acts pertaining to remedy or procedure, and dismissed the appeal.
I acknowledge, as the majority observes, that appellees have not raised any specific contention in their motion to dismiss that the appeal has now become moot because section 403.412(6) should be applied retroactively. Neither, for that matter, did appellees assert such issue before the panel in Environmental Confederation II. Nevertheless, a court's lack of jurisdiction over an appeal is obviously one that it may sua sponte notice. See Johnson v. State, 852 So.2d 351 (Fla. 1st DCA 2003); Duszlak v. *217 Wands, 803 So.2d 779 (Fla. 1st DCA 2001); Keel v. State, 790 So.2d 563 (Fla. 1st DCA 2001). Because a statute's application is not dependent upon the posture of the appeal, i.e., whether by direct appeal from an administrative order, or from a circuit court's order, I am of the firm belief that this panel should, without further delay, determine, as did the panel in Environmental Confederation II, that this appeal should be dismissed as moot because no practical reason would be served by allowing it to continue.
NOTES
[1] Section 120.68(1) provides, in pertinent part, as follows: "A party who is adversely affected by final agency action is entitled to judicial review." (Emphasis added.)