881 So.2d 623 (2004)
Donna MELZER and Martin County Conservation Alliance, Inc., a Florida not-for-profit corporation, Appellants,
v.
FLORIDA DEPARTMENT OF COMMUNITY AFFAIRS, Martin County, Martin County School Board, and The City of Stuart, Appellees.
No. 4D03-4109.
District Court of Appeal of Florida, Fourth District.
August 4, 2004.
Rehearing Denied September 30, 2004.
*624 Donna Sutter Melzer, Palm City, pro se.
Richard Grosso, Ft. Lauderdale, for appellant Martin County Conservation Alliance, Inc.
Karen A. Brodeen and Linda Loomis Shelley of Fowler White Boggs Banker, P.A., Tallahassee, for appellee Martin County and Martin County School Board.
Shaw P. Stiller, Tallahassee, for appellee Department of Community Affairs.
KLEIN, J.
This is an appeal from a final order of the Florida Department of Community Affairs, which accepted the recommended order of an administrative law judge allowing amendments to Martin County's Comprehensive Growth Management Plan. We dismiss the appeal because, although appellants, as residents, had standing to participate at the administrative level, they have failed to demonstrate that they are adversely affected, which is necessary for standing to appeal the order.
The comprehensive plan, prior to amendment, had stringent requirements for the protection of wetlands and other natural resources. The amendments give the county more flexibility in locating schools and other public facilities near those areas.
On the standing issue, this case is indistinguishable from O'Connell v. Florida Department of Community Affairs, 874 So.2d 673 (Fla. 4th DCA 2004), in which we held that Melzer and the Alliance did not have standing to appeal different amendments to the same plan. Although our opinion did not reflect it, the record in O'Connell shows that the amendments determined that more land was necessary for commercial use throughout the county and adopted new methods for making decisions in the future to allow commercial use.
The facts as to standing in this case, as well as in O'Connell, are that Melzer and the members of the Alliance are residents of Martin County. This was enough to give Melzer and the Alliance standing to participate below. Under the Local Government Comprehensive Planning and Land Development Regulation Act, any "affected person" may file a petition to initiate an administrative hearing. § 163.3184(9), Fla. Stat. (2002). The definition of "affected person" includes "persons owning property, residing, or owning or operating a business within the boundaries of the local government whose plan is the subject of the review." § 163.3184(1)(a), Fla. Stat. (2002). Melzer and the members of the Alliance, as residents, had standing to seek the administrative hearing.
*625 The standing to appeal an administrative agency order, however, is determined by the Administrative Procedure Act, which requires that the appellant be "adversely affected by the final agency action." § 120.68(1), Fla. Stat. (2002).
As we explained in O'Connell, the standing to appeal under section 120.68(1) is more narrow than the standing to participate at the administrative level. LEAF v. Clark, 668 So.2d 982 (Fla.1996); Fla. Chapter of the Sierra Club v. Suwannee Am. Cement Co., 802 So.2d 520 (Fla. 1st DCA 2001); Daniels v. Fla. Parole & Probation Comm'n, 401 So.2d 1351 (Fla. 1st DCA 1981).
In LEAF the party attempting to appeal the administrative agency order was a public interest advocacy organization located in Tallahassee, which had been permitted to intervene as a party in the administrative proceeding. Our supreme court held, however, that LEAF did not have standing to appeal under section 120.68(1). The court explained that LEAF's interest in protecting its members' use and enjoyment of natural resources, which could be affected by new power plants, was insufficient to demonstrate that LEAF's members were adversely affected.
Appellants rely heavily on Matter of Surface Water Management Permit No. 50-01420-S, Challancin v. Florida Land & Water Adjudicatory Commission, 515 So.2d 1288, 1293 (Fla. 4th DCA 1987), in which we held that the Audubon Society, which owned land within the water management district, had standing to appeal. The agency action in Challancin involved the construction of a development on an island in Lake Okeechobee, which posed a "clear and imminent threat to flood control in the district." Challancin would only support appellant's position on standing if our holding in Challancin was that property located anywhere in the water management district would be adversely affected. Such an interpretation is unrealistic because the South Florida Water Management District encompasses all or part of sixteen counties. The only reasonable interpretation of Challancin is that the property was sufficiently close to Lake Okeechobee to be adversely affected if the development were allowed. A broader interpretation would be contrary to LEAF, which, as a decision of our supreme court, is controlling.
Appellants argue in the alternative that the appellees, by stipulating to their standing at the administrative level, were either stipulating to standing to appeal or waived the issue. Our reading of the transcript, however, leads us to conclude that the defendants were only stipulating to standing at the trial level. In the discussion, counsel for appellants referred to the standing as being under Chapter 163, and opposing counsel agreed there was standing "for this venue."
Accordingly, as we did in O'Connell, we dismiss the appeal.
SHAHOOD, J., and EMAS, KEVIN M., Associate Judge, concur.