PER CURIAM.
The appellants have not demonstrated that their interests or the interests of a substantial number of members are “adversely affected” by the challenged order, so as to give them standing to appeal. See § 120.68, Fla. Stat. (2009); Fla. Chapter of the Sierra Club v. Suwannee Am. Cement Co., 802 So.2d 520 (Fla. 1st DCA 2001); O’Connell v. Fla. Dep’t of Cmty. Affairs, 874 So.2d 673 (Fla. 4th DCA 2004); Fla. Wildlife Fed’n v. St. Johns County, 909 So.2d 347 (Fla. 1st DCA 2005). While appellants cite Save the Homosassa River Alliance v. Citrus County, 2 So.3d 329 (Fla. 5th DCA 2008), in support of their claim of standing, this case is inapposite as it addresses the standing requirements for a circuit court proceeding pursuant to section 163.3215, Florida Statutes. Section 163.3215 is a remedial statute designed to enlarge the class of persons with standing to challenge a local development order. The prerequisites for establishing standing in such a proceeding are inapplicable to an appeal taken of an administrative proceeding conducted pursuant to section 120.68, Florida Statutes. The appeal is therefore DISMISSED.
HAWKES, C.J., VAN NORTWICK, and THOMAS, JJ., concur.