DAVIS, J.
Appellant, Broward Children’s Center, Inc., appeals a Summary Final Order denying its Petition for Leave to Amend in the rule challenge proceeding filed by Appellee, Plantation Nursing and Rehabilitation Center (“Plantation”). In denying the petition, the administrative law judge (“ALJ”) noted that this case was in an unusual, if not unique, procedural posture because the Agency for Healthcare Administration (“AHCA”) agreed with Plantation that Florida Administrative Code Rule 59A-4.1295(7)(e) was invalid. The ALJ correctly reasoned that intervention was inappropriate in this case because Appellant, who wished to defend the rule’s validity and who could not be aligned with either party, would be improperly elevated to the status of a principal party if intervention were permitted.
*1064 As we have previously explained, the rights of an intervenor are subordinate to the rights of the parties. Envtl. Confederation of Sw. Fla., Inc. v. IMC Phosphates, Inc., 857 So.2d 207, 210 (Fla. 1st DCA 2003). Intervention is a dependent remedy in the sense that an intervenor may not inject a new issue into a case, and the rights of an intervenor are conditional in that they exist only as long as the litigation continues between the parties. Id. Although, as Appellant argues, the ALJ ultimately determined the rule’s validity, AHCA, like other administrative agencies, is afforded wide discretion in interpreting a statute which it is given the power and duty to administer. Sullivan v. Fla. Dep’t of Envt'l. Prot., 890 So.2d 417, 420 (Fla. 1st DCA 2004). The ALJ was mindful of this discretion when ruling that the rule was invalid. Under the facts of this case, the ALJ properly denied Appellant’s petition.
Accordingly, we AFFIRM the Summary Final Order.
WOLF and MARSTILLER, JJ., concur.