WOLF, J.
In this prisoner civil litigation case, with one exception, we find no error in the dismissal with prejudice' of appellant’s four-time amended complaint. Upon close consideration of the amended complaint, we find that appellant has sufficiently alleged facts in support of a 42 U.S.C. § 1983 claim of inadequate medical care to avoid a motion to dismiss. We, therefore, reverse the order of dismissal in part and remand for further proceedings consistent with this opinion.
In his complaint (which this court concedes is not the model of clarity), appellant alleged that Rick Anglin, warden of the Bay County jail, and Doctor Ronald Lippmann, the physician overseeing medical care of inmates held in the jail, in their individual capacity, inflicted “cruel and unusual” punishment in violation of appellant’s Eighth Amendment rights by demonstrating “deliberate indifference” to appellant’s diagnosed medical condition and continuing severe pain. Appellant alleges he repeatedly requested medical passes and pain medication for a ruptured disk and pinched nerve in his lower back and that his condition was documented in medical records held by the jail from a prior incarceration. While Anglin and Dr. Lippmann were not personally involved in appellant’s initial medical screening upon arrival at the jail, appellant alleges that both were informed of his continuing pain and requests for medical assistance through repeated grievance and medical request forms and both failed to provide adequate care. Appellant alleges that after seventy-eight days in detention, he was finally provided medical passes and pain medication, but only after notice of this suit was filed.
The trial court, after allowing multiple amendments, dismissed the complaint with prejudice, in part for failing to state facts sufficient to rise to the level of constitutional violations for medical care. The court explained that the complaint attempted to hold Anglin and Dr. Lippmann responsible for “simply knowing” about alleged improper medical care rendered by the medical staff and failed to allege facts to hold them personally liable for another’s negligent acts or omissions. This was error. For a constitutional cause of action against Anglin and Dr. Lippmann to sur *1175 vive a motion to dismiss, it is not necessary for appellant to allege facts to hold them liable for another’s acts or omissions as the court asserts.
We review an order dismissing a complaint with prejudice under the de novo standard. See Hardwick v. Moore, 795 So.2d 970, 972 (Fla. 1st DCA 2001).
Inadequate medical care can be the basis of an Eighth Amendment “cruel and unusual punishment” § 1983 claim in state courts. See Higgs v. Fla. Dep’t of Corr., 647 So.2d 962 (Fla. 1st DCA 1994). The United States Supreme Court has determined that deliberate indifference to a prisoner’s serious medical condition may violate the Eighth Amendment prohibition against “cruel and unusual punishment.” Estelle v. Gamble, 429 U.S. 97, 104-05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (“We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the ‘unnecessary and wanton infliction of pain’ proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner’s needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.”). As the court explained, “deliberate indifference,” or purposely ignoring the “serious medical needs” of prisoners, amounts to “cruel and unusual punishment” forbidden by the Eighth Amendment. Id.
The “deliberate indifference” standard involves both an objective and a subjective component. The objective component is met by evidence of “serious medical need” which includes, in relevant part, the existence of “chronic and substantial pain.” Brock v. Wright, 315 F.3d 158, 162 (2d Cir.2003). Appellant’s allegation of continual severe pain coupled with the claim that appellant was eventually provided the medical passes and pain medication he sought appears to meet this objective component.
The subjective component requires an official to know the facts that could have shown the prisoner’s health was in danger and the official must actually believe the prisoner’s health is in danger. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (“[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.”).
Notably, a mere difference of opinion between an inmate and prison medical staff does not give rise to an Eighth Amendment violation. See Smith v. Fisher, 965 So.2d 205, 207 (Fla. 4th DCA 2007). However, some types of situations where courts have found prison medical staff to be “deliberately indifferent,” and not just exercising differences of professional opinion, include failure to provide treatment for diagnosed conditions and failure to investigate the medical situation enough to make an informed judgment—including reviewing medical records. See Hudson v. McHugh, 148 F.3d 859, 861 (7th Cir.1998); and McElligott v. Foley, 182 F.3d 1248, 1252, 1256-57 (11th Cir.1999) (finding in a Florida case that failure to inquire about and treat patient’s severe pain, and repeated delays in doctors seeing the patient, could constitute deliberate indifference). Here, appellant alleges both a prior diagnosis of a ruptured disk and pinched nerve and the existence of prior medical records in the jail’s possession confirming the diagnosis and treatment.
Because of the knowledge requirement of the subjective component, individual liability cannot attach through vicarious liability, such as respondeat superior. Liability requires a showing that the supervisor themselves acted with “deliberate indifference.” See Williams v. Smith, 781 *1176 F.2d 319, 323-24 (2d Cir.1986) (discussing the ways in which supervisors may be found liable under § 1983); and Burton v. Lynch, 664 F.Supp.2d 349 (S.D.N.Y.2009) (attaching liability to prison official who reviews prison grievance evidencing an ongoing constitutional violation and fails to remedy the violation only when the violation is in fact ongoing and subject to remedy by that official). Thus, the supervisor can become personally liable under the correct facts.
In this case, appellant alleged that both Anglin and Dr. Lippmann were well aware of his complaints and they themselves failed to act. This is a separate allegation from any claim that the medical staff initially failed to provide adequate care. In focusing on whether Anglin and Dr. Lippmann could be personally liable for another’s acts, the court overlooked the fact that the complaint alleged that the two men would be directly liable for their own acts or omissions. For a cause of action against Anglin and Dr. Lippmann to survive a motion to dismiss, it is not necessary for appellant to allege facts to hold them liable for another’s acts or omissions as the court asserts.
Appellant alleged that both Anglin and Dr. Lippmann were “deliberately indifferent” to his serious medical needs, specifically chronic severe pain, and failed to provide adequate care for seventy-eight days despite learning of the improper medical care via repeated grievances and medical request forms. These are all facts alleged in the complaint that would support a § 1983 claim for improper medical care. We reverse the order of dismissal only as it pertains to Anglin and Dr. Lippmann for appellant’s constitutional claim of inadequate medical care. We affirm the order in all other respects.
REVERSED in part, AFFIRMED in part, and REMANDED for further proceedings.
LEWIS, C.J., concurs; MAKAR, J., concurring in part and dissenting in part with opinion.