ROBERTS, CJ.
The plaintiff/appellant, inmate Harold Toney, filed this pro se appeal challenging the circuit court’s dismissal with prejudice under section 57.085(6), Florida Statutes (2014), of his first-amended' civil tort complaint against defeñdants/appellees C. Courtney, Assistant Warden of the Santa Rosa Correctional Institution (SRCI), in her individual- capacity; Corizon Health, Inc., the contracted private entity responsible for providing healthcare to inmates housed in the Florida Department of Corrections (DOC); Dr. Schwartz, the physician at SRCI, in his individual capacity; Nurse Nichols, the ARNP at SRCI, in her individual capacity; and Dr. Pollard, the physician at Butler RMC, in his individual capacity. The amended complaint raised state law claims of gross negligence and negligence as well as deliberate indifference to á serious medical need under 42 U.S.C.A. section 1983. We affirm the order of dismissal in most respects and write only to address the appellant’s section 1983 claims against Dr. Schwartz, Nurse Nichols, and Dr. Pollard.
We review the trial court’s order dismissing a complaint with prejudice under the de novo standard of review. See Davis v. Bay Cty. Jail, 155 So.3d 1173, 1175 (Fla. 1st DCA 2014). At this stage in the proceedings, we are required to accept as true the amended complaint’s well-pleaded factual allegations and to draw all reasonable inferences from the allegations in the appellant’s favor. See Hall v. Knipp, 982 So.2d 1196, 1198 (Fla. 1st DCA 2008). We are also cognizant that “a.;complaint that simply strings together a series of sentences and paragraphs containing legal conclusions and theories does not establish a claim for relief.” Davis, 155 So.3d at 1177 (Makar, J., concurring in part, dissenting in part).
We affirm without'comment the 'portion of the order dismissing the appellant’s state law claims for negligence and gross negligence, as well ás the portion of the order dismissing all of the appellant’s claims against Assistant Warden C. Courtney' arid Corizon Health, Inc. The Only claims left are the appellant’s section 1983 claims against Dr. Schwartz, Nurse Nichols, and Dr. Pollard for deliberate indifference to a serious medical need. Taking the amended complaint’s allegations ' as true and drawing all inferences in favor of the appellant, we find these claims were sufficient to withstand dismissal.
A claim for inadequate medical care may be the basis for a prisoner’s Eighth Amendment cruel and unusual punishment section 1983 claim in state courts. See Davis, 155 So.3d at 1175 (citing Estelle v. Gamble, 429 U.S. 97, 104-05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). The “deliberate indifference” standard involves both an objective and subjective prong. The objective prong is met “by evidence of ‘serious medical need’ which includes, in relevant part, the existence of ‘chronic and substantial pain.’ ” Davis, 155 So.3d at 1175. The subjective prong requires the prison official “to know the facts that could have shown the prisoner’s health was in danger and the official must actually believe the prisoner’s health is in danger.” ' I'd.
The amended complaint alleges that the appellant had a diagnosis of . celiac disease, a gluten or wheat allergy, again confirmed by blood test , in 2010 or 2011, which was documented in his medical file. As a result, he had historically been pro *508 vided diet passes with the well-documented notation that his meals were to be gluten-free. The appellant alleges :- the only way for him to receive a gluten-free meal from food service was if his diet pass was marked accordingly. The nature of the appellant’s meals was particularly important because the appellant is also an insulin-dependent diabetic and requires a 2800-calorie meal. For the majority of time alleged in his amended complaint,,the appellant did not receive gluten-free meals. He alleges that he was effectively forced to eat the non-gluten-free meals provided to him in order to maintain adequate sugar levels and prevent “‘bottoming out,’ i.e., going into a diabetic coma. or reactions caused by low sugar levels.” As a result, he regularly consumed gluten, which, due to his celiac disease, caused vomiting, stomach pains, headaches, fatigue, and skin irritation. While such symptoms standing alone may be regarded as a mere inconvenience, we find the symptoms in an insulin-dependent diabetic constituted a serious medical need and were sufficient to meet the objective prong. See Davis, 155 So.3d at 1175.
As to the subjective prong, taking all of the factual allegations as true and drawing all inferences in the appellant’s favor, his amended complaint sufficiently alleges that Dr. Schwartz, Nurse Nichols, and Dr. Pollard were aware of his celiac disease through personal interaction and his medical records, that they received requests, grievances, and/or sick-call requests, but refused to act to provide him the required notation to receive gluten-free meals. He also alleges that Dr. Schwartz, Nurse Nichols, and Dr. Pollard failed to respond to his medical needs, despite his ongoing symptoms. As such, the appellant’s section-1983 claims for deliberate indifference- against Dr. Schwartz, Nurse Nichols, and Dr. Pollard were sufficient to withstand dismissal. We expressly note that we are not passing on the merits of the appellant’s claims, but simply find that dismissal with prejudice with regard to these claims was premature here. To the extent the appellant cannot establish facts to support his claims, Dr. Schwartz, Nurse Nichols, and/or Dr. Pollard will be entitled to a judgment in their favor. See Hall, 982 So.2d. at 1198. The .portion of the order dismissing the section 1983 claims against Dr. Schwartz, Nurse Nichols, and Dr. Pollard is. reversed and the case is remanded for further proceedings consistent with this opinion.
AFFIRMED in part, REVERSED in part, and REMANDED.
SWANSON and KELSEY, JJ., concur.